1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
JENNIFER L. STA.ANA
Trial Attorney (Cal. Bar No. 307977)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7767
Fax: (415) 625-7772
Email: staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,
United States Secretary of Labor*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>        v.<br><br>CHE GARIBALDI dba TAQUERIA GARIBALDI, a California corporation; EDUARDO HERNANDEZ, an individual; HECTOR MANUAL MARTINEZ GALINDO, an individual; and ALEJANDRO RODRIGUEZ, an individual,<br><br>        Defendants. | Case No. [Case Number]<br><br><br>**COMPLAINT TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** |

1

**INTRODUCTION**

2      The Fair Labor Standards Act ("FLSA" or "Act") requires that all employees are

3  compensated full wages for all hours worked, including payment of overtime premiums for all

4  hours worked in excess of forty in a workweek. Defendants operate restaurants in Sacramento and

5  Placer counties in California, where their employees prepare and serve food, work as cashiers, and

6  clean items and areas throughout the restaurants. Defendants have denied payment of the full

7  lawful wages due to employees by willfully failing to accurately record hours worked; paying

8  workers in cash for hours over forty to circumvent accurate pay and recordkeeping; denying

9  employees of tip payments made; and impeding with the U.S. Department of Labor's investigation

10 of FLSA compliance. Defendants' actions harm not only their own employees but also forthright

11 employers who face unfair competition in the marketplace due to Defendants' unlawful practices.

12 The U.S. Secretary of Labor brings this case to remedy Defendants' harms to employees and

13 competitors, and to protect the public interest, which is threatened by blatant violations of federal

14 law protecting wage earners.

15

**NATURE OF THE ACTION**

16      1.      Plaintiff Martin J. Walsh, Secretary for the U.S. Department of Labor ("the

17 Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the

18 maintenance of the minimum standard of living necessary for health, efficiency, and general well-

19 being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary

20 represents not only the interest of the individual employees affected by an employer's violations of

21 the law, but also the public interest, including the interests of employers whose ability to compete

22 in compliance with the law is harmed by employers who deny employees overtime wages.

23      2.      The Secretary brings this action under Section 17 of the Fair Labor Standards Act of

24 1938, as amended, 29 U.S.C. §§ 201 *et al*., to enjoin Defendants from violating the provisions of

25 Sections 3, 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 203, 207, 211, 215.

26      3.      Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), the Secretary also seeks to

27 recover unpaid overtime premiums from at least May 7, 2018 to the present ("Subject Period") owed

28 under the FLSA to Defendants' employees, including those listed by name on the attached Exhibit

1   A to this Complaint, together with an equal amount as liquidated damages.

2                              **JURISDICTION AND VENUE**

3         4.      This Court has subject matter jurisdiction of this action under Sections 16 and 17 of

4   the FLSA, 29 U.S.C. §§ 216, 217. This Court also has subject matter jurisdiction of this action

5   under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

6         5.      Venue lies in the United States District Court for the Eastern District of California,

7   pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred within this

8   District. Venue lies with the Sacramento Division, pursuant to Local Rule 120(d), because the

9   events giving rise to the claims occurred in Sacramento County and Placer County, California.

10                     **DEFENDANTS ARE EMPLOYERS UNDER THE FLSA**

11                              **Defendant Che Garibaldi**

12        6.      Defendant Che Garibaldi dba Taqueria Garibaldi ("Garibaldi") is a California

13  corporation with a principal office address at 1841 Howe Avenue, Sacramento, California 95825.

14  Defendant Garibaldi operates as a chain of restaurants located at (a) 1841 Howe Avenue,

15  Sacramento, California 95825 ("Howe restaurant"); (b) 3425 El Camino Avenue, Sacramento,

16  California 95821 ("El Camino restaurant"); and (c) 10000 Fairway Drive #110, Roseville, California

17  95678 ("Roseville restaurant"). Defendant Garibaldi employed workers, including the employees

18  named in Exhibit A, who are employed as managers, cooks, cashiers, servers, bartenders, and

19  dishwashers.

20        7.      At all times relevant, Defendant Garibaldi is and has been an employer within the

21  meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on

22  Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom he later

23  identifies.

24                              **Defendant Eduardo Hernandez**

25        8.      Defendant Eduardo Hernandez ("Hernandez"), an individual, resides in Placer

26  County, California. He is an agent and owner of Garibaldi.

27        9.   At all times relevant, Defendant Hernandez acted directly and indirectly in the interests

28  of Garibaldi in relation to their employees, including determining employment practices.

1        10. Defendant Hernandez is individually liable as an employer under Section 3(d), 29 U.S.C.

2   § 203(d), for back wages and liquidated damages owed to employees of Defendant Garibaldi.

3        11. The claims against Defendant Hernandez in this case arise out of and are directly related

4   to his business activities in the jurisdiction of this Court.

5   **Defendant Hector Manual Martinez Galindo**

6        12.    Defendant Hector Manual Martinez Galindo ("Martinez"), an individual, resides in

7   Sacramento County, California. He is an agent and owner of Garibaldi.

8        13.    At all times relevant, Defendant Martinez acted directly and indirectly in the interests

9   of Garibaldi in relation to their employees, including determining employment practices.

10        14.    Defendant Martinez is individually liable as an employer under Section 3(d), 29

11   U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendant Garibaldi.

12        15.    The claims against Defendant Martinez in this case arise out of and are directly

13   related to his business activities in the jurisdiction of this Court.

14   **Defendant Alejandro Rodriguez**

15        16.    Defendant Alejandro Rodriguez ("Rodriguez"), an individual, on information and

16   belief resides in Sacramento County, California. He is the general manager at the Howe restaurant

17   and agent of Garibaldi.

18        17.    At all times relevant, Defendant Rodriguez acted directly or indirectly in the interests

19   of Garibaldi in relation to its employees, including hiring, firing, disciplining employees,

20   determining work schedules and employment practices.

21        18.    Defendant Rodriguez is individually liable as an employer under Section 3(d), 29

22   U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendant Garibaldi.

23        19.    The claims against Defendant Rodriguez in this case arise out of and are directly

24   related to his business activities within the jurisdiction of this Court.

25   **Defendants are an Enterprise Covered by the FLSA**

26        20.    At all times relevant Defendants Hernandez and Martinez owned, operated, and

27   controlled Garibaldi and directed Defendant Rodriguez to act directly or indirectly in the interests

28   of Garibaldi for the common business purpose of providing full-service restaurants in Sacramento

and Placer counties.  As a result, Defendants are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

21.    At all relevant times, two or more employees of Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages.

22.    At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

23.    As a result, Defendants' employees are and at all times relevant have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**FACTS COMMON TO ALL CAUSES OF ACTION**

**I.      Defendants Deprive Their Employers the Wages They Earned.**

24.    Defendants employ approximately twenty or more employees at any given time. A number of employees work over forty hours per week, some working over twelve hours per day. Defendants hired several employees to work in one position, but expect employees to perform a multitude of tasks once employed. For example, employees hired as servers, were also instructed to cut vegetables; prepare meals; clean floors, windows, mirrors, and the bathroom; and operate as the cashier.

25.    During the Subject Period and on an ongoing basis, Defendants maintain an intentional and regular practice of paying employees by check for work performed of forty hours or fewer per week and pay employees by cash for hours worked over forty per week.

26.    During the Subject Period and on an ongoing basis, Defendants kept tips received by its employees, including for the purpose of allowing managers or supervisors to keep a portion of employees' tips.

27.    During the Subject Period and on an ongoing basis, Defendants have failed to pay a rate of one and one-half times the regular rate for work performed in excess of forty hours per week.

1    28.    During the Subject Period and on an ongoing basis, Defendants have failed to record

2  and maintain accurate records of hours worked by and wages paid to their employees.

3    29.    Defendants continue their practices of underpaying their employees and failing to

4  maintain accurate records of hours worked and wages paid.

5  **II.    Defendants Impeded on the Secretary's Investigation of FLSA Compliance.**

6    30.    In 2021, on behalf of the Secretary, the Wage and Hour Division of the U.S.

7  Department of Labor ("WHD") began an investigation into the wage and hour practices of Garibaldi.

8    31.    As soon as the Defendants were notified of the investigation, but before WHD had

9  the opportunity to visit the worksites and speak with employees, Defendants verbally instructed

10  workers to communicate to WHD investigators that employees only worked forty hours a week and

11  eight hours a day, were provided two days off and thirty-minute breaks, and were paid only in

12  checks. Defendants reminded employees on several occasions of these instructions. Defendants

13  warned employees that if Defendants had to pay overtime premiums by check, then employees

14  would lose more money in taxes. Defendants further insisted on a quid pro quo, communicating to

15  employees that because Defendants provided them with wages and jobs, then they should provide

16  Defendants with the favor of misleading WHD as instructed.

17    32.    Upon learning about the investigation, Defendants instructed employees to stop

18  using uAttend, a time clock located in all three restaurant locations that digitally recorded hours

19  worked. Instead, Defendants instructed employees to record forty-hour workweeks on a yellow

20  timecard, which would be sent to a third-party payroll company to process checks. Defendants

21  instructed employees to record hours worked over forty on a separate piece of paper so that

22  Defendants could calculate cash payments at a straight-time rate for these hours. Defendants

23  communicated to employees that hours and pay had to be processed this way because the uAttend

24  machines were broken at all three restaurant locations.

25    33.    While the Secretary's investigation was ongoing, Defendants provided employees,

26  who had recorded hours in excess of forty on the yellow timecards, with a new stack of timecards

27  to retroactively write forty-hour workweeks for past pay periods. For some employees, the number

28  of timecards that Defendants instructed them to rewrite was so extensive that employees had to

1 | continue rewriting the timecards after work hours and at their homes.

2 | **III.     Defendants Interfered with FLSA Rights.**

3 | 34.     By interfering in the Secretary's investigation by pressuring employees not to

4 | provide accurate information to the Secretary and delaying the Secretary's discovery of Defendants'

5 | FLSA violations of the FLSA, Defendants have retaliated against employees seeking rightful wages

6 | and tips by depriving, interfering, and impeding the ability of employees, and derivatively, of the

7 | Secretary, to detect the basic circumstances of their employment and of their rights under the FLSA,

8 | including the right to notify the Secretary of Labor of FLSA violations.

9 | **CLAIMS FOR RELIEF**

10 | **FIRST CLAIM FOR RELIEF**

11 | **Overtime Violations**

12 | 35.     The Secretary realleges and hereby incorporates by reference the foregoing

13 | paragraphs as though fully set forth herein.

14 | 36.     Defendants violated and continue to violate Section 7 and 15(a)(2) of the FLSA, 29

15 | U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise

16 | engaged in commerce, for workweeks longer than forty hours without compensating the employees

17 | for all their employment in excess of forty hours in such workweeks at rates not less than one and

18 | one-half the regular rates at which they were employed.

19 | 37.     At all relevant times, Defendants have willfully violated and continue to violate

20 | Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should

21 | have known of the FLSA's overtime requirements but nevertheless employed, and continue to

22 | employ, workers without properly compensating them.

23 | **SECOND CLAIM FOR RELIEF**

24 | **Tip Violations**

25 | 38.     The Secretary realleges and hereby incorporates by reference the foregoing

26 | paragraphs as though fully set forth herein.

27 | 39.     Defendants violated and continue to violate Section 3(m)(2)(B) and 16(e)(2) of the

28 | FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(e)(2), by keeping tips received by its employees,

1  including for the purpose of allowing managers or supervisors to keep a portion of employees' tips.

2    40.    At all relevant times, Defendants have willfully violated and continue to violate

3  Sections 3(m)(2)(B) and 16(e)(2) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(e)(2).

4  Defendants knew or should have known of the FLSA's tip requirements but continue to collect tips

5  earned by employees.

6                              **THIRD CLAIM FOR RELIEF**

7                              **Recordkeeping Violations**

8    41.    The Secretary realleges and hereby incorporates by reference the foregoing

9  paragraphs as though fully set forth herein.

10    42.    Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the

11  FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the

12  Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of

13  all employees and of the wages, hours, and other conditions and practices of employment

14  maintained, as prescribed by 29 C.F.R. part 516.

15    43.    At all relevant times, Defendants have willfully violated and continue to violate

16  Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants have

17  created and continue to create and maintain inaccurate and incomplete records of employees' hours

18  worked and wages paid, even though they knew or should have known that this conduct violates the

19  FLSA.

20                              **FOURTH CLAIM FOR RELIEF**

21                              **Interference with FLSA Rights**

22    44.    The Secretary realleges and hereby incorporates by reference the foregoing

23  paragraphs as though fully set forth herein.

24    45.    Defendants have willfully and repeatedly violated the provisions of Section 15(a)(3)

25  of the FLSA, 29 U.S.C. § 215(a)(3), and Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by

26  depriving, interfering and impeding the ability of Employees, and derivatively, of the Secretary of

27  Labor, to detect the basic circumstances of their employment and of their rights as employees under

28  the FLSA, including the right to notify the Secretary of Labor of FLSA violations. Defendants

1   further interfered in the Secretary's investigation by pressuring employees not to provide accurate

2   information to the Secretary and further delaying the Secretary's discovery of Defendants violations

3   of the FLSA.

### PRAYER FOR RELIEF

4

5       WHEREFORE, good cause having been shown, the Secretary prays for judgment against

6   Defendants as follows:

7       A.    For an Order:

8           1.  Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and

9               restraining Defendants, their officers, agents, servants, employees, and those

10              persons in active concert or participation with them from prospectively violating

11              the FLSA including: Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and

12              215(a)(2); Sections 3(m)(2)(B) and 16(e)(2) of the FLSA, 29 U.S.C. §§

13              203(m)(2)(B) and 216(e)(2); Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C.

14              § 211(c) and 215(a)(5); and Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

15          2.  Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and

16              restraining Defendants, their officers, agents, servants, employees, and those

17              persons in active concert or participation with them from prospectively violating

18              the anti-retaliation provisions of Section 15(a)(3) of the Act, 29 U.S.C. §

19              15(a)(3).

20      B.    For an Order:

21          1.  Under Section 16(c) of he FLSA, 29 U.S.C. § 216(c) finding Defendants liable

22              for all wages due, including overtime and tip compensation, from at least May

23              7, 2018 through the present to all Defendants' employees including the

24              employees listed in attached Exhibit A and other employees not presently known

25              to the Secretary, and an additional equal amount as liquidated damages; or

26          2.  In the event liquidated damages are not awarded, under Section 17 of the FLSA,

27              29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents,

28              servants, employees, and those persons in active concert or participation with

1    Defendants, from withholding payment of unpaid back wages found to be due

2        from at least May 7, 2018 through the present to Defendants' employees, and

3        pre-judgment interest at an appropriate interest rate;

4    C.    For an Order directing Defendants to issue a curative notice to their employees that

5        rectifies their FLSA violations, including notifying employees of their rights under

6        the FLSA, under any injunction, judgment, or order in this action, and this lawsuit;

7    D.    For an Order providing such further legal and equitable relief as may be deemed

8        necessary or appropriate, including equitable tolling of the applicable three-year

9        statute of limitations to redress interference with, or delayed detection of, the

10        violations of the FLSA by the Secretary due to Defendants' actions to confuse the

11        workers as to their rights under the FLSA and/or to intimidate or coerce them from

12        exercising their rights and status as an employee, and failure; and

13    E.    For an Order awarding the Secretary the costs of this action.

14    F.    For an Order awarding the Secretary any other relief that the Court deems necessary

15        and appropriate.

16

17    May 4, 2022                    Respectfully submitted,

18

19                        SEEMA NANDA
                          Solicitor of Labor

20
                          MARC A. PILOTIN
21                        Regional Solicitor

22
                          BORIS ORLOV
23                        Counsel for Wage and Hour

24                          /s/ Jennifer L. Sta.Ana

25                        JENNIFER L. STA.ANA
                          Trial Attorney
26

27

28

**EXHIBIT A**

| LAST NAME | FIRST NAME |
| --- | --- |
| Aguilera | Francisco |
| Alcantara | Daniel |
| Angulo | Jonathan |
| Ayala | Lilian |
| Azuera Cadenas | Joycee |
| Banuelos | Maria |
| Barba | Vanessa |
| Calel | Carlos |
| Carmona | Juan Carlos |
| Casta | Noelia |
| Chavez | Ernesto |
| Delgado Linares | Carla |
| Esquivel | Eder |
| Gonzalez | Fabiola |
| Guzman | Alfredo |
| Hernandez | Iris |
| Lagos | Alexander |
| Laguna Gonzalez | Christopher |
| Lopez Tiempo | Alejandro |
| Lopez Vasquez | Maria Guadalupe |
| Magallanes | Maria Bertha |
| Melera | Maricela |
| Melgar | Wendy |
| Mendez | Juventino |
| Mendieta | Sonia |
| Meneses | Hector |

| | | |
|---|---|---|
| 1 | Montiel Martinez | Juana |
| 2 | Nava-Corona | Rosa |
| 3 | Parra | Maria |
| 4 | Perez | Kenedi |
| 5 | Quintana | Elena |
| 6 | Ruiz | Leilani |
| 7 | Saenz | Edgar |
| 8 | Saenz | Lesly |
| 9 | Sanchez | Ricardo |
| 10 | Sanchez | Jacinta |
| 11 | Tecum Morales | Julio |
| 12 | Vargas | Mynor |
| 13 | Vazquez | Horacio |
| 14 | Zamora | Marcelino |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

COMPLAINT TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No.