MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
JENNIFER STA.ANA (Cal. Bar No. 307977)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7767
staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                        Plaintiff,<br>   v.<br><br>CHE GARIBALDI dba TAQUERIA GARIBALDI, a California corporation; EDUARDO HERNANDEZ, an individual; HECTOR MANUAL MARTINEZ GALINDO, an individual; and ALEJANDRO RODRIGUEZ, an individual,<br><br>                        Defendants. | Case No. 2:22-CV-00756-WBS-KJN<br><br>**THE SECRETARY'S APPLICATION FOR TEMPORARY RESTRAINING ORDER FOR DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:    n/a<br>Time:   n/a<br>Judge:  Hon. William B. Shubb |

---

THE SECRETARY'S APPLICATION FOR TEMPORARY RESTRAINING ORDER FOR DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
Case No. 2:22-CV-00756-WBS-KJN

The United States Secretary of Labor moves under Federal Rule of Civil Procedure 65 and Section 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 217, for a Temporary Restraining Order and an Order for Defendants to Show Cause why a Preliminary Injunction should not issue, enjoining them as follows:

1. Defendants shall comply with the FLSA's anti-retaliation provisions under Section 15(a)(3);

2. Defendants shall not retaliate or discriminate in any way against any current or former employees of the Defendants at issue in this litigation, or any potential witness in this litigation; specifically, Defendants are enjoined from:

    a) Retaliating, intimidating, threatening, or discriminating in any way against any current or former worker or other witness who might seek to participate in this litigation, has spoken to a DOL representative, or who is believed to have spoken to a DOL representative;

    b) Representing to any worker that they cannot or should not speak to a DOL representative or participate in this litigation;

    c) Representing to any worker that they can or should provide false information regarding the terms and conditions of their employment to anyone, including a DOL representative or judicial officer;

    d) Representing to workers that the DOL case in this matter has concluded while litigation remains ongoing;

    e) Threatening workers in any manner, including threats of deportation, termination, restaurant closure or legal action;

    f) Asking or requiring any worker to discuss her/his/their immigration status or the immigration status of any co-worker in relation to this case;

    g) Asking or requiring any worker to sign any document that instructs the worker on what to say at any court proceeding or to a DOL representative;

      h)      Asking or instructing any worker to sign any document that purports to establish facts relating to any matter at issue in this litigation, such as the number of hours worked or Defendants' payment methods.

3. Defendants shall not terminate any workers without first giving the employee and the Secretary of Labor seven days' notice as to who is being fired and why;

4. Defendants shall comply with the FLSA's recordkeeping provisions under Sections 11(c) and 15(a)(5);

5. Defendants are enjoined from maintaining false information in records they are required to maintain by law;

6. Defendants shall implement a reliable timekeeping system for each employee to record her/his/their own daily start and stop times that employees may use to clock in at the start of the work day and out at the end of the work day;

7. Defendants shall provide the Secretary with access to the raw data and records of this time-keeping system and a record reflecting if and when any changes were made to this data;

8. Defendants shall maintain accurate and complete records of all wages paid to each of their employees each pay period, including gross wages, deductions, and net pay;

9. Defendants are enjoined from paying wages to any employees through non-payroll accounts;

10. Defendants shall send the Exhibit A – Notice to Employees ("Exhibit A") (attached to the memorandum of points and authorities) in English and Spanish via U.S. Mail to all workers at their last known residential addresses within seven days after a Preliminary Injunction is issued;

11. Defendants shall provide a copy of Exhibit A to all employees it hires or invites back to work;

12. Within seven days after a Preliminary Injunction is issued, Defendants shall allow two DOL representatives to enter the premises at the chain of restaurants located at

Case 2:22-cv-00756-WBS-KJN   Document 8   Filed 07/01/22   Page 4 of 6

(a) 1841 Howe Avenue, Sacramento, California 95825 ("Howe restaurant"); (b) 3425 El Camino Avenue, Sacramento, California 95821 ("El Camino restaurant"); and (c) 10000 Fairway Drive #110, Roseville, California 95678 ("Roseville restaurant") on a work day to read Exhibit A out loud in both English and Spanish to all workers and other building occupants and distribute copies of these notices to workers;

13. Within two days after a Preliminary Injunction is issued, Defendants or their agents shall prominently post multiple copies of the written notices attached hereto as Exhibit A throughout the restaurants located at the Howe restaurant, El Camino restaurant, and Roseville restaurant, such that these notices are visible to all employees and building occupants or affiliates;

14. Defendants shall maintain paper copies of Exhibit A in English and Spanish and shall make these available to any employee or other individual who requests a copy;

15. Defendants shall forthwith provide a copy of this Order to all persons acting in concert or participating with Defendants in their business operations. Defendants shall provide all necessary information about this Order to such parties. Defendants shall keep a log with the names and addresses of all persons who have been provided with a copy of this Order;

16. Defendants shall be precluded from speaking with employees about any matter relating to this case, except as directed by the terms of this injunction;

17. Defendants shall be enjoined from noticing or proceeding with depositions of former or current employees unless and until the Order of this Court specifying the terms for redressing Defendants' past retaliatory conduct and intimidation violative of Section 15(a)(3); and

18. Defendants shall pay for the Secretary's costs and expenses in filing this motion.

///
///

THE SECRETARY'S APPLICATION FOR TEMPORARY RESTRAINING ORDER FOR DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
Case No. 2:22-CV-00756-WBS-KJN                                                        Page 3

This Application is based on the accompanying: Memorandum of Points and Authorities; Declaration of Department of Labor investigator Raquel Alfaro; and the Declaration of Secretary's counsel Jennifer L. Sta.Ana. The Secretary is likely to succeed on the merits of his claim that Defendants violated Sections 15(a)(3), 15(a)(5), and 11(c) of the FLSA when they threatened to terminate employees, waged a campaign of intimidation against their employees for engaging in or perceiving employees engaged in protected activities, and required employees to provide false information to the Secretary's investigators. Unless Defendants are enjoined and restrained as described above, the integrity of the judiciary system, potential employee witnesses, the Secretary, and the public interest will be irreparably harmed.

Undersigned counsel certifies that, pursuant to Local Rule 231 and Federal Rule of Civil Procedure 65, she conferred by letter on May 11, 2022 and telephonically with counsel for all Defendants on May 16, 2022 regarding the substance of this Application, and specifically notified Defendants' counsel on June 30, 2022 of the date of this Application, the request for the earliest available hearing date and time before this Court, and the nature of the relief to be requested. Defendants' counsel replied that Defendants prefer a hearing date during the week of July 11, 2022. If that is the earliest possible date for the Court and Defendants stop making threats to workers, the Secretary has no objection to the request. The Secretary's counsel states that she understands that Defendants oppose this Application. Contact information for counsel for all opposing parties is:

> Alden J. Parker
> Fisher & Phillips LLP
> 621 Capitol Mall, Suite 1400
> Sacramento, CA 95814
> 916-210-0404
> aparker@fisherphillips.com

///

///

///

///

THE SECRETARY'S APPLICATION FOR TEMPORARY RESTRAINING ORDER FOR DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
Case No. 2:22-CV-00756-WBS-KJN                                                                    Page 4

| | | |
|---|---|---|
| 1 | Date:   July 1, 2022 | Respectfully submitted, |
| 2 | | SEEMA NANDA |
| 3 | | Solicitor of Labor |
| 4 | | MARC A. PILOTIN |
| | | Regional Solicitor |
| 5 | | |
| 6 | | BORIS ORLOV |
| | | Counsel for Wage and Hour |
| 7 | | |
| 8 | | /s/ Jennifer L. Sta.Ana |
| | | JENNIFER L. STA.ANA |
| 9 | | Trial Attorney |
| 10 | | *Attorneys for Plaintiff Martin J. Walsh* |
| | | *United States Department of Labor* |

THE SECRETARY'S APPLICATION FOR TEMPORARY RESTRAINING ORDER FOR DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
Case No. 2:22-CV-00756-WBS-KJN                                                                                   Page 5