MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
JENNIFER L. STA.ANA
Trial Attorney (Cal. Bar No. 307977)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7767
staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>　Secretary of Labor,<br>　United States Department of Labor,<br><br>　　　　　Plaintiff,<br>　　　　　v.<br><br>CHE GARIBALDI dba TAQUERIA GARIBALDI,<br>a California corporation; EDUARDO<br>HERNANDEZ, an individual; HECTOR<br>MANUAL MARTINEZ GALINDO, an individual;<br>and ALEJANDRO RODRIGUEZ, an individual,<br><br>　　　　　Defendants. | Case No. 2:22-CV-00756-WBS-KJN<br><br>**THE SECRETARY'S<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>APPLICATION FOR TEMPORARY<br>RESTRAINING ORDER & ORDER<br>TO SHOW CAUSE RE:<br>PRELIMINARY INJUNCTION**<br><br>Date:　　　n/a<br>Time:　　　n/a<br>Judge:　　Hon. William B. Shubb |

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**..................................................................................................................1

**I.**     **FACTUAL BACKGROUND** ...............................................................................3

**II.**    **ARGUMENT** .......................................................................................................5

    A.  A Temporary Restraining Order Is Required to Restrain Defendants from Continuing Ongoing Retaliatory and Intimidating Conduct Prohibited Under 29 U.S.C. 215(a)(3) of the Fair Labor Standards Act..........................................................5

      1.   Legal standard ......................................................................................5

      2.   The Secretary is likely to succeed on the claim that Defendants are deterring workers from cooperating with the Secretary. ...........................................6

         a.  Protected activity ............................................................. 7

         b.  Adverse action ................................................................. 9

         c.  Causation .......................................................................... 10

      3.   Absent immediate injunctive relief, the Secretary, the public, and Defendants' employees will continue to suffer irreparable harm. ................................11

      4.   The balance of equities tilts sharply in the Secretary's favor and an injunction is in the public interest. ..........................................................................12

**III.**   **CONCLUSION** ..................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Acosta v. Austin Elec. Servs. LLC,*
  294 F. Supp. 3d 905 (D. Ariz. 2018) ................................................................... 8

*Acosta v. Southwest Fuel Management, Inc.,*
  2018 WL 739425 (C.D. Cal. Feb. 2. 2018) .......................................................... 9

*Alliance for the Wild Rockies v. Cottrell,*
  632 F.3d 1127 (9th Cir. 2011) .............................................................................. 5

*Antoninetti v. Chipotle Mexican Grill, Inc.,*
  643 F.3d 1165 (9th Cir. 2010) .............................................................................. 5

*Arcamuzi v. Continental Air Lines, Inc.,*
  819 F.2d 935 (9th Cir. 1987) .............................................................................. 11

*Arias v. Raimondo,*
  860 F.3d 1185 (9th Cir. 2017) ......................................................................... 9, 12

*Austin Electric,*
  322 F. Supp. 3d ................................................................................................. 10

*Blackie v. State of Me.,*
  75 F.3d 716 (1st Cir. 1996) ................................................................................ 10

*Bowen v. M. Caratan, Inc.,*
  142 F. Supp. 3d 1007 (E.D. Cal. 2015) ................................................................ 7

*California v. Azar,*
  911 F.3d 558 (9th Cir. 2018) .............................................................................. 12

*Chipotle Mexican Grill, Inc. v. Antoninetti,*
  563 U.S. 956 (2011) ............................................................................................. 5

*Clear Channel Outdoor, Inc. v. City of Los Angeles,*
  340 F.3d 810 (9th Cir. 2003) ................................................................................ 5

*Conner v. Schnuck Markets, Inc.,*
  121 F.3d 1390 (10th Cir. 1997) ...................................................................... 7, 10

*Danneskjold v. Hausrath*,
   82 F.3d 37 (2d Cir. 1996)..................................................................................... 11

*Fatima/Zahra*,
   2014 WL 2854812....................................................................................... 7, 12

*Flynt Distrib. Co., Inc. v. Harvey*,
   734 F.2d 1389 (9th Cir. 1984)............................................................................. 6

*Harris v. Oak Grove Cinemas, Inc.*,
   2013 WL 3456563 (D. Or. May 2, 2013), granted.................................................. 11

*Hashimoto v. Bank of Hawaii*,
   999 F.2d 408 (9th Cir. 1993)............................................................................... 8

*Johnson v. Couturier*,
   572 F.3d 1067 (9th Cir. 2009)............................................................................. 6

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
   563 U.S. (2011)...................................................................................... 2, 6, 7

*Lambert v. Ackerley*,
   180 F.3d 997 (9th Cir. 1999)............................................................................... 6

*Marshall v. Chala Enterprises, Inc.*,
   645 F.2d 799 (9th Cir. 1983)............................................................................. 12

*Mitchell v. Robert DeMario Jewelry, Inc.*,
   361 U.S. 288 (1960) ........................................................................................... 6

*Mullins v. City of New York*,
   626 F.3d 47 (2d Cir. 2010) ............................................................................... 11

*Perez v. Alkanan, Inc.*,
   2013 WL 12129857 (C.D. Cal. 2013) ................................................................. 10

*Perez v. Fatima/Zahra, Inc.*,
   2014 WL 2154092 (N.D. Cal. 2014)..................................................................... 7

*Perez v. J&L Metal Polishing, Inc.*,
   2016 WL 7655766 (C.D. Cal. May 9, 2016).............................................. 6, 7, 10

*Perez v. Stars Cleaning Inc.*,
    2015 WL 11242006 (D. Or. June 26, 2015) ............................................................ 10

*Ray v. Henderson*,
    217 F. 3d 1234 (9th Cir. 2000) ............................................................................... 9

*Rivera v. NIBCO, Inc.*,
    364 F.3d 1057 (9th Cir. 2004) ................................................................................ 9

*Sauers v. Salt Lake Cnty.*,
    1 F.3d 1122 (10th Cir.1993) ................................................................................ 7, 8

*Scalia . F.W. Webb Co.*,
    2021 WL 1565508 (D. Mass. Apr. 21, 2021) .......................................................... 8

*Scalia v. Unforgettable Coatings, Inc.*,
    2020 WL 2535048 (D. Nev. Apr. 23, 2020) ...................................................... 10, 12

*Scalia v. Valley Wide Plastering Constr. Inc.*
    2021 WL 4108373 (D. Ariz. Feb. 5, 2021) .............................................................. 8

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*,
    739 F.2d 1415 (9th Cir. 1984) ................................................................................ 5

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
    251 F.3d 814 (9th Cir. 2001) .................................................................................. 5

*State Bd. of Equalization*,
    697 F.2d 860 (9th Cir. 1983) .................................................................................. 6

*Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*,
    321 U.S. 590 (1944) ............................................................................................. 12

*Topo v. Dhir*,
    210 F.R.D. 76 (S.D.N.Y. 2002) .............................................................................. 9

*U.S. v. Estate Preservation Services*,
    202 F.3d 1093 (9th Cir. 2000) ................................................................................ 5

*United States v. Odessa Union Warehouse Co-op*,
    833 F.2d 172 (9th Cir. 1987) .................................................................................. 5

*United States v. Oregon State Med. Soc.*,
   343 U.S. 326 (1952) ................................................................................. 7

*Valley Wide Plastering Constr. Inc.*,
   2021 WL 410873 (D. Ariz. Feb. 5, 2021) ................................................ 8

*Winter v. Natural Resources Defense Council, Inc.*,
   555 U.S. 7 (2008) .................................................................................... 5

<u>Statutes</u>

29 U.S.C. § 202(a) .................................................................................... 12

29 U.S.C. § 211(a) ...................................................................................... 8

29 U.S.C. § 215(a)(3) ........................................................................ 2, 5, 6, 7

29 U.S.C. §§ 211 and 217 ............................................................................ 6

29 U.S.C. §§ 211(c), 215(a)(3), 215(a)(5) ................................................... 3

<u>Rules</u>

Federal Rule of Civil Procedure 65 ............................................................. 5

**<u>INTRODUCTION</u>**

Since the Secretary has filed suit, Defendants' employees have been threatened with termination and deportation if they cooperate with the Department of Labor or participate in this litigation to enforce the Fair Labor Standards Act ("FLSA"). For instance, Defendant Alejandro Rodriguez, one of Garibaldi's managers, has falsely told employees that information they provide to the Department will be used to facilitate immigration enforcement against them, with Defendant Rodriguez asking employees why would the Department "help you if you are illegals?" Given these threats and intimidation, employees have informed the Secretary that they are terrified of the immigration consequences and will not participate in this litigation unless they are assured their employer will not harm them. If Defendants' egregious conduct is not restrained, employees and the Secretary's ability to enforce the FLSA—including through this action—will continue to suffer irreparable harm.

The Secretary brought this action after the Secretary's investigators discovered in 2021 Defendants' gross underpayment of wages and blatant schemes to falsify pay records and avoid paying overtime premiums. To avoid documenting their unlawful mode of payment, Defendants maintained an intentional and regular practice of paying employees by check for work performed of forty hours or fewer per week and paid employees by cash without the overtime premium for hours worked over forty per week.

Once Defendants learned about the Secretary's investigation, Defendants took further steps to impede the Secretary's enforcement of FLSA compliance. In or around May 2021, Defendant Eduardo Hernandez coached employees to tell the Secretary's investigators falsely that they only worked forty hours a week and eight hours a day, were provided two days off and thirty-minute breaks, and were paid only in checks. Defendants also instructed employees to stop using a time clock that digitally recorded accurate hours worked. Instead, Defendants required employees to record forty-hour workweeks or less on yellow timecards from which a third-party would process checks, and employees were to record overtime hours on a separate piece of paper so that Defendants could calculate cash payments at a straight-time rate.

///

Immediately after the Secretary filed his Complaint, Defendants threatened workers if they did not follow their instructions. The day after the Secretary filed his Complaint, not only did Defendant Rodriguez warn employees against speaking to anyone about their working conditions, he also indicated that the employees' immigration status would now become an issue. The Secretary's counsel has informed Defendants' counsel that termination and immigration threats, as well as discouraging employees from communicating with the Department, are prohibited retaliatory conduct under the FLSA. Unfortunately, the Secretary recently verified that despite these efforts, Defendants continue to elicit fear among their employees, as Defendant Rodriguez repeatedly declares to employees that they will be fired and they will be deported if they speak to the Department. Unsurprisingly, the Secretary has learned that as a consequence of Defendants' conduct, as well as Defendants' unabashed and continued violations of the FLSA, many workers are hesitant to speak with the Secretary, express extreme fear of being discovered when they do speak, and report their belief that if Defendants uncover the names of those who confided in the Secretary, they will lose their livelihood or worse at the hands of Defendants.

The request is urgent. The Secretary seeks immediate injunctive relief, directing Defendants to cease engaging in retaliation in violation of Section 15(a)(3) of the FLSA and maintain accurate pay records under Sections 11(c) and 15(a)(5) of the FLSA. The balance of equities tilts sharply in favor of the Secretary. FLSA enforcement depends "upon information and complaints received from employees seeking to vindicate rights." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 11 (2011) (citations omitted). To encourage workers to provide this critical information, Congress protected workers who provide information to the Secretary from retaliation by their employers. 29 U.S.C. § 215(a)(3). Allowing Defendants to continue flouting the FLSA's protections will deter workers from communicating with the Secretary and thereby irreparably harm the Secretary's enforcement and the integrity of the judicial process. Further, if the Court does not restrain Defendants' tactics, workers across industries will be chilled from coming forward, fearful of employer reprisal. By contrast, if the Court grants the requested relief to the Secretary, Defendants will only bear the burden of

///

THE SECRETARY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

following the law and complying with the anti-retaliation and recordkeeping provisions of the FLSA. 29 U.S.C. §§ 211(c), 215(a)(3), 215(a)(5).

## I.    FACTUAL BACKGROUND

In 2021, the Wage and Hour Division of the U.S. Department of Labor ("WHD") began investigating Garibaldi's wage and hour practices. Since then, Defendants have intimidated their employees, chilling them from cooperating with the Secretary's enforcement of the FLSA. Acts of retaliation have further escalated since the Secretary filed his Complaint nearly two months ago.

As soon as Defendants were notified of the investigation, but before WHD had the opportunity to visit the worksites and speak with employees, Defendants verbally instructed workers to communicate to WHD investigators that employees only worked forty hours a week and eight hours a day, were provided two days off and thirty-minute breaks, and were paid only in checks. Declaration of Raquel Alfaro ("Alfaro Decl.") ¶ 5. Defendants reminded employees on several occasions of these instructions. Alfaro Decl. ¶¶ 6-7. Defendants instructed employees to provide false information to the Secretary and stated that the employees owed them because Defendants provided them with wages and jobs. *See* Alfaro Decl. ¶¶ 7, 11.

Indeed, upon learning about the investigation, Defendants took further steps to conceal any evidence of their violations and to suggest they were complying with the FLSA. Defendants informed WHD that Garibaldi no longer used the uAttend, a time clock that digitally records hours worked, because it did not operate properly and instructed some employees to stop using the uAttend system. Alfaro Decl. ¶ 9. Instead, Defendants instructed employees to record forty-hour workweeks on a yellow timecard to process checks. *See* Alfaro Decl. ¶¶ 7-9. Defendants then instructed employees to record hours worked over forty on a separate piece of paper so that Defendants could calculate and make cash payments at a straight-time rate for these hours. *See* Alfaro Decl. ¶¶ 7-8. Defendants provided employees, who had recorded hours in excess of forty on the yellow timecards, with a new stack of timecards to retroactively write forty-hour workweeks for past pay periods. Alfaro Decl. ¶ 8. For some employees, the number of timecards that Defendants instructed them to rewrite was so extensive that employees had to continue rewriting the timecards after work hours and at their homes. *Id.* Employees further informed WHD that

Defendants instructed some of the employees who worked forty hours or less per week to record hours through uAttend and instructed others, particularly those who worked more than forty hours per week, to not use the time clock. Alfaro Decl. ¶ 9. WHD's investigation triggered a change in Garibaldi's recordkeeping practices where employees recorded the hours they worked without any clear uniformity.

On May 14, 2021, the Secretary's counsel issued a cease-and-desist letter to Defendants Eduardo Hernandez and Hector Manuel Martinez Galindo to immediately stop instructing employees to give false information about work hours and pay to WHD investigators. Declaration of Jennifer L. Sta.Ana ("Sta.Ana Decl.") ¶ 5. A year later, Defendants' retaliatory conduct continued, necessitating this request.

On May 4, 2022, the Secretary filed suit, seeking back wages, liquidated damages, and injunctive relief for Defendants' unambiguous FLSA violations. The day after the Secretary filed his Complaint, Defendant Rodriguez instructed employees not to speak with anyone about the Complaint and the employees' working conditions. Alfaro Decl. ¶ 10. He asserted that Defendants will find out who spoke to the Secretary, and ultimately affirmed that employees will be fired for doing so. *See* Alfaro Decl. ¶¶ 10, 13. Most disturbing, Defendants alerted employees that, if they participate in this litigation, their immigration status will now become an issue. *See* Alfaro Decl. ¶¶ 10, 12. Indeed, Defendant Rodriguez has misled workers, informing them that the Department's investigation is over and that all information provided to the Department is solely for the purpose of reporting them to the immigration authorities to deport them. Alfaro Decl. ¶ 12. Defendant Rodriguez has made workers question the enforcement actions of the Department, by asking employees, "Why would they [the Department] help you if you are illegals?" *Id.*

Learning of Defendants' conduct, the Secretary's counsel requested that Defendants immediately stop all intimidation attempts, particularly ceasing threats to terminate and report employees' immigration status. Sta.Ana Decl. ¶¶ 7-8. Despite the request and counsels' meet and confer, Defendants continue to threaten employees. *See* Alfaro Decl. ¶¶ 12-14. Upon verifying

///

that the retaliatory conduct has not stopped, the Secretary now brings this request for an

injunction.

## II.   ARGUMENT

**A.   A Temporary Restraining Order Is Required to Restrain Defendants from Continuing Ongoing Retaliatory and Intimidating Conduct Prohibited Under 29 U.S.C. 215(a)(3) of the Fair Labor Standards Act.**

### 1.   Legal standard

The Secretary may obtain a temporary restraining order or preliminary injunction under

Rule 65 of the Federal Rules of Civil Procedure where (1) he is likely to prevail on the merits or

has raised "serious questions going to the merits" of the legal issue; (2) he will likely suffer

irreparable injury if an injunction is not granted; (3) the balance of equities and hardships tips in

the moving party's favor; and (4) the public interest lies in the moving party's favor. *See*

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (citing *Winter*

*v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21-22 (2008)); *see also* Fed. R. Civ. P.

65. Preliminary relief is appropriate where "serious questions going to the merits were raised and

the balance of hardships tips sharply in [plaintiff's] favor." *Cottrell*, 632 F.3d at 1131 (citing

*Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). A

"serious question" is one on which the movant "has a fair chance of success on the merits."

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

A party need not show irreparable harm to obtain preliminary injunctive relief if the

conduct to be enjoined violates federal statute which specifically provides for injunctive relief.

*See United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987);

*Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010) *cert.*

*denied* 563 U.S. 956 (2011) (citing *Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251

F.3d 814, 827 (9th Cir. 2001)). In such circumstances, the moving party need only prove

likelihood of success on the merits, as Congressional action has appropriately set the nature of

the injury to be avoided, balanced the hardships, and accounted for the public interest. *U.S. v.*

///

*Estate Preservation Services*, 202 F.3d 1093, 1098 (9th Cir. 2000) (citing *Trailer Train Co. v. State Bd. of Equalization*, 697 F.2d 860, 869 (9th Cir. 1983), *cert. denied*, 464 U.S. 846 (1983)).[1]

Here, the Secretary seeks to enjoin Defendants from violating the FLSA. As Section 17 of the FLSA specifically provides for injunctive relief, the Secretary need only show that Defendants are engaged in, or about to engage in, practices prohibited by the FLSA to secure injunctive relief. *Trailer Train Co.*, 697 F.2d at 869; 29 U.S.C. §§ 211 and 217; *see also Perez v. J&L Metal Polishing, Inc.*, 2016 WL 7655766, at *5 (C.D. Cal. May 9, 2016). Although not required under settled precedent, the Secretary nevertheless addresses all elements generally required to show that a temporary restraining order is necessary.

## 2. The Secretary is likely to succeed on the claim that Defendants are deterring workers from cooperating with the Secretary.

Section 15(a)(3) of the FLSA provides:

> [I]t shall be unlawful for <u>any person</u> . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding.

29 U.S.C. § 215(a)(3) (emphasis added). This provision is critical to the enforcement scheme of the FLSA by preventing "fear of economic retaliation" from inducing workers to "quietly . . . accept substandard conditions." *Kasten*, 563 at 12. Section 15(a)(3) is "designed to ensure that employees are not compelled to risk their jobs in order to assert their wage and hour rights under the Act." *Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999). This is because "effective enforcement" of the FLSA can "only be expected if employees [feel] free to approach officials with their grievances." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960); *see also Kasten*, 563 U.S. at 7-17 (finding that Section 15(a)(3) of the FLSA encompasses oral

---

[1] Additionally, where a party seeks a temporary restraining order or preliminary injunction, the court applies relaxed evidentiary standards for admissibility. A district court may "consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

complaints to the employer).

To establish a prima facie case of retaliation under the FLSA, the Secretary need only show that an individual or group of individuals (1) engaged in—or are perceived to have engaged in—activity protected by the FLSA; (2) suffered adverse employment action by the employer; and (3) a causal connection exists between the activity and the employer's adverse action. *J&L Metal Polishing*, 2016 WL 7655766, at *5 (citing *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997)).

The provision protects future complaints or testimony: "[T]hreats, although taken in anticipation of employees engaged in protected activity, are 'no less retaliatory than action taken after the fact.'" *Perez v. Fatima/Zahra, Inc.*, 2014 WL 2154092, at *2 (N.D. Cal. 2014) (quoting *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1128 (10th Cir.1993)); *see also Bowen v. M. Caratan, Inc.*, 142 F. Supp. 3d 1007, 1022 (E.D. Cal. 2015). "All it takes to make the cause of action for relief by injunction is a real threat of future violation or a contemporary violation of a nature likely to occur". *United States v. Oregon State Med. Soc.*, 343 U.S. 326, 333 (1952).

### a.     Protected activity

Worker cooperation with government investigators and provision of truthful testimony during deposition or other court proceedings are *per se* protected activity. *Fatima/Zahra*, 2014 WL 2854812, at *3; 29 U.S.C. § 215(a)(3) (protecting any employee who "has testified or is about to testify" in FLSA proceeding). When employees provide information evidencing a violation of the FLSA, they not only make protected oral complaints, *Kasten*, 563 U.S. at 7–17, but also "cause to be instituted" proceedings under the FLSA, 29 U.S.C. § 215(a)(3). Such cooperation must be protected, as noted in *Kasten*, to promote FLSA enforcement. Protection of workers' participation and provision of testimony in the Secretary's enforcement action is even more critical when, as here, the Secretary is engaged in litigation efforts, and the coercive conduct threatening retaliation by Defendants is in response to the Secretary's lawsuit.

Here, employees engaged in protected conduct under the FLSA. Defendants' workers are part of the Secretary's investigation and this litigation as potential witnesses for the Secretary

///

regarding Defendants' pay and recordkeeping practices. Indeed, Defendants' retaliatory conduct demonstrates their knowledge of these facts: Defendant Rodriguez's comments to workers indicate that he perceives that workers have or are providing information to the Secretary's agents about how Defendants pay employees and record hours worked.[2] *See* Alfaro Decl. ¶¶ 5-9.

The timing of the protected activity is of no determinative import to the protections provided under Section 15(a)(3) as actions taken "in anticipation" of employees "engaging in protected opposition . . . [are] no less retaliatory than action taken after the fact. *Sauers*, 1 F.3d at 1128 (finding preemptive retaliation unlawful under Title VII); *see also Hashimoto v. Bank of Hawaii*, 999 F.2d 408, 411 (9th Cir. 1993) (finding anticipatory employer action that "discourages the whistle blower before whistle is blown" violates ERISA anti-retaliation statute). Further, the Secretary's 29 U.S.C. § 211(a) authority to enforce the FLSA, including by speaking to employees about work conditions, exists during litigation. *See Acosta v. Austin Elec. Servs. LLC*, 294 F. Supp. 3d 905, 906 (D. Ariz. 2018); *see also Scalia . F.W. Webb Co.*, 2021 WL 1565508, at *3 (D. Mass. Apr. 21, 2021).

Here, employees engaged in protected activity from the moment they spoke to the Department and exercised their right to notify the Secretary of FLSA violations. The protected activities of speaking with the Secretary and engaging as potential witnesses are likely to continue until this case is resolved.

///

///

---

[2] In this application, the Secretary additionally seeks relief, ordering Defendants to maintain accurate recordkeeping practices under Section 11(c) and 15(a)(5) of the FLSA, given Defendants' continued, inconsistent use of time clocks and timesheets to record employees' work hours. Employees have engaged in protected activity by confiding in the Secretary regarding their pay and work hours. Defendants adversely acted against employees by implicating employees' immigration status and/or indicating they will be fired for speaking with the Department about their pay and actual hours worked. The threats occurred as a result of employees' cooperation or perceived cooperation with the government. "A continuing failure to maintain accurate records, which greatly interferes with the DOL and employees' ability to determine the extent of wages owed, constitutes serious damage." *Scalia v. Valley Wide Plastering Constr. Inc.,* 2021 WL 410873 at *4 (D. Ariz. Feb. 5, 2021).

### b.   Adverse action

The Ninth Circuit has taken "an expansive view of the type of actions that can be considered adverse employment actions." *Ray v. Henderson*, 217 F. 3d 1234, 1243 (9th Cir. 2000). Thus, retaliation is actionable if an employment decision is "reasonably likely to deter employees from engaging in protected activity." *Acosta v. Southwest Fuel Management, Inc.* 2018 WL 739425, at *4 (C.D. Cal. Feb. 2. 2018) (citing *Ray*).

Defendants have engaged in a relentless campaign to prevent employees from speaking with the Secretary about potential FLSA violations. As soon as Defendants were notified about the Secretary's investigation, Defendants Hernandez and Rodriguez coached employees on what to say to the Secretary's investigators. *See* Alfaro Decl. ¶¶ 6-9. Immediately after the Secretary filed suit, Defendant Rodriguez ordered workers to stay silent or tell people that the information in the Complaint is not true. *See* Alfaro Decl. ¶¶ 10-11. Most recently, Defendant Rodriguez demanded that if employees speak to the Department, they will be fired. Alfaro Decl. ¶ 13.

Defendant Rodriguez also repeatedly invoked the specter of potential immigration consequences for the employees if they cooperate with the Secretary. *See* Alfaro Decl. ¶¶ 10, 12-14. A threat of possible deportation—with economic consequences far beyond mere termination—is an obvious deterrent to cooperation. *See Arias v. Raimondo*, 860 F.3d 1185, 1192 (9th Cir. 2017) (holding that a worker may proceed with a retaliation action against an employer's attorney, who contacted Immigration and Customs Enforcement during the pendency of a wage and hour lawsuit). The "*in terrorem* effect" of unnecessary invocations of immigration questions is well-documented. *See Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064–65 (9th Cir. 2004). A veiled threat is still a threat, in particular when made by an employer to his employees amidst a government enforcement action. These threats if unaddressed by the Court will likely prevent employee participation in this litigation as witnesses. As witnesses under these circumstances, the employees are faced with two terrible choices: (1) tell the truth to the Court and face dire consequences for them and their families from their employer or (2) succumb to the threats and provide false information to the government and this Court.

Such punishment of the workforce for the perceived cooperation that resulted in the Complaint is precisely the retaliatory conduct prohibited by the FLSA.

### c. Causation

For the final element—a causal link between the protected activity and the adverse action—a party claiming retaliation under the FLSA must "proffer evidence from which a reasonable factfinder could infer that the employer retaliated against him for engaging in the protected activity." *Blackie v. State of Me.*, 75 F.3d 716, 723 (1st Cir. 1996). The "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Conner*, 121 F.3d at 1395 (citations omitted).

Here, the climate and history of intimidation, direct references to the protected activity, and extraordinarily close timing between the adverse actions and those activities, demonstrate causation. Defendants adverse activity occurred immediately after Defendants were notified of the Secretary's investigation and once the Secretary's filed his Complaint before this Court. District courts repeatedly have granted preliminary relief to redress threats and actions similar to those made here by Defendants. For example, in *Scalia v. Unforgettable Coatings, Inc.*, 2020 WL 2535048, at *4 (D. Nev. Apr. 23, 2020), the court entered a preliminary injunction against a defendant who threatened employees with immigration consequences and other harm if they spoke to DOL investigators or helped the DOL's legal case. In *Austin Electric,* 322 F. Supp. 3d at 963, the court enjoined defendants from mandating employees to provide false statements that they had been compensated for all hours worked and had never been asked to underreport hours worked. In *J&L Metal Polishing*, 2016 WL 7655766, at *2-6, the court entered a temporary restraining order enjoining defendants' threats, efforts to coerce false statements, and retaliatory terminations taken in response to workers' cooperation with and provision of information to the Secretary's investigators. In *Perez v. Stars Cleaning Inc.*, No. 3:15-cv-1127, 2015 WL 11242006, at *1 (D. Or. June 26, 2015), the court entered a temporary restraining order to enjoin an employer from terminating or threatening "employees if they cooperated with the

///

investigation and directed employees to give false information to the Secretary." In *Perez v. Alkanan, Inc.*, No. CV13-09228, 2013 WL 12129857, at *1-2 (C.D. Cal. 2013), the court entered a temporary restraining order to enjoin an employer's threats of termination, deportation, and bodily harm that obstructed the Secretary's FLSA investigation. Similarly, the court in *Harris v. Oak Grove Cinemas, Inc.*, 2013 WL 3456563 (D. Or. May 2, 2013), granted a temporary restraining order to enjoin an employer who threatened to fire and physically harm employees who cooperated with the Secretary's FLSA investigation. As in these cases, the Secretary is likely to succeed in establishing that Defendants' coercive intimidation of employees and unlawful retaliatory acts violated FLSA Section 15(a)(3).

> **3.      Absent immediate injunctive relief, the Secretary, the public, and Defendants' employees will continue to suffer irreparable harm.**

It is well-established that an employer's retaliatory acts can cause irreparable harm by deterring potential complainants or witnesses from coming forward to challenge the employer's illegal conduct. *See Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 938-39 (9th Cir. 1987) (noting "allegations of retaliation for the exercise of statutorily protected rights represent possible irreparable harm far beyond economic loss"). The "resulting weakened enforcement of federal law can itself be irreparable harm in the context of a preliminary injunction application." *Mullins v. City of New York,* 626 F.3d 47, 55 (2d Cir. 2010).

Here, numerous parties will be irreparably harmed if Defendants are not enjoined from coercing their employees and providing false information, such as the Secretary; Defendants' current and former employees who may be dissuaded from participating in this lawsuit and providing truthful testimony; this Court and the judicial fact-finding process; and the public at large—particularly Defendants' law-abiding competitors whose businesses are undercut by Defendants' unfair and unlawful business practices. *See Danneskjold v. Hausrath*, 82 F.3d 37, 40 (2d Cir. 1996) ("[O]ne of the primary purposes of the FLSA" is "preventing unfair competition among employers if some were able to pay less than the minimum wage"). Workers who seek to present truthful information and cooperate with the government must be

///

THE SECRETARY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

protected from coercion and retaliation. A court order that enjoins Defendants' coercive statements to employees and stops terminations because workers complain about their wages is necessary to ensure truthful testimony and the integrity of this proceeding.

### 4.    The balance of equities tilts sharply in the Secretary's favor and an injunction is in the public interest.

The balance of equities tilts sharply in the Secretary's favor, as issuance of a temporary restraining order and preliminary injunction well serves the public interest. *See California v. Azar,* 911 F.3d 558, 581 (9th Cir. 2018) (considering last two *Winter* factors together where the government is a party). Defendants have no legitimate interest in intimidating, harassing or retaliating against their current and former employees for engaging in FLSA-protected conduct. *See Fatima/Zahra*, 2014 WL 2854812, at *4 ("Defendants have no legitimate interest in preventing the DOL from conducting a reasonable and lawful investigation."); *Unforgettable Coatings, Inc.,* 2020 WL 2535048, at *4. The Secretary, on the other hand, seeks only an order to assure that Defendants will comply with the law. The Court may give "substantial weight" to the fact that the Secretary "seeks to vindicate a public, and not a private right." *Marshall v. Chala Enterprises, Inc.*, 645 F.2d 799, 808 (9th Cir. 1983). There is a particularly "strong public interest in favor of enforcement of the FLSA, which seeks to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living' of workers." *Id.* (quoting 29 U.S.C. § 202(a)).[3] Restraining Defendants' unlawful conduct will ensure that they comply with the FLSA's anti-retaliation provisions and advance the public interest in ensuring that employees feel free to report violations and vindicate their rights under the FLSA.

///

---

[3] As the Ninth Circuit reminded, in the context of an anti-retaliation case:

> The FLSA is "remedial and humanitarian in purpose. We are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others . . . . Such a statute must not be interpreted or applied in a narrow, grudging manner."

*Arias v. Raimondo*, 860 F.3d 1185, 1192 (9th Cir. 2017) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)).

### A.  Relief Requested

For the reasons set forth above, the Secretary respectfully requests that this Court issue the following Order with respect to Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, and Alejandro Rodriguez ("Defendants"), including their agents, family members, attorneys, supervisors, managers, co-employers, employees, successors, officers, owners, directors, and all those in active concert or participation with Defendants as follows:

1. Defendants shall comply with the FLSA's anti-retaliation provisions under Section 15(a)(3);

2. Defendants shall not retaliate or discriminate in any way against any current or former employees of the Defendants at issue in this litigation, or any potential witness in this litigation; specifically, Defendants are enjoined from:

   a) Retaliating, intimidating, threatening, or discriminating in any way against any current or former worker or other witness who might seek to participate in this litigation, has spoken to a DOL representative, or who is believed to have spoken to a DOL representative;

   b) Representing to any worker that they cannot or should not speak to a DOL representative or participate in this litigation;

   c) Representing to any worker that they can or should provide false information regarding the terms and conditions of their employment to anyone, including a DOL representative or judicial officer;

   d) Representing to workers that the DOL case in this matter has concluded while litigation remains ongoing;

   e) Threatening workers in any manner, including threats of deportation, termination, restaurant closure or legal action;

   f) Asking or requiring any worker to discuss her/his/their immigration status or the immigration status of any co-worker in relation to this case;

    g)      Asking or requiring any worker to sign any document that instructs the worker on what to say at any court proceeding or to a DOL representative;

    h)      Asking or instructing any worker to sign any document that purports to establish facts relating to any matter at issue in this litigation, such as the number of hours worked or Defendants' payment methods.

3.    Defendants shall not terminate any workers without first giving the employee and the Secretary of Labor seven days' notice as to who is being fired and why;

4.    Defendants shall comply with the FLSA's recordkeeping provisions under Sections 11(c) and 15(a)(5);

5.    Defendants are enjoined from maintaining false information in records they are required to maintain by law;

6.    Defendants shall implement a reliable timekeeping system for each employee to record her/his/their own daily start and stop times that employees may use to clock in at the start of the work day and out at the end of the work day;

7.    Defendants shall provide the Secretary with access to the raw data and records of this time-keeping system and a record reflecting if and when any changes were made to this data;

8.    Defendants shall maintain accurate and complete records of all wages paid to each of their employees each pay period, including gross wages, deductions, and net pay;

9.    Defendants are enjoined from paying wages to any employees through non-payroll accounts;

10.    Defendants shall send the Exhibit A – Notice to Employees ("Exhibit A") (attached to the memorandum of points and authorities) in English and Spanish via U.S. Mail to all workers at their last known residential addresses within seven days after a Preliminary Injunction is issued;

11.    Defendants shall provide a copy of Exhibit A to all employees it hires or invites back to work;

12.     Within seven days after a Preliminary Injunction is issued, Defendants shall allow two DOL representatives to enter the premises at the chain of restaurants located at (a) 1841 Howe Avenue, Sacramento, California 95825 ("Howe restaurant"); (b) 3425 El Camino Avenue, Sacramento, California 95821 ("El Camino restaurant"); and (c) 10000 Fairway Drive #110, Roseville, California 95678 ("Roseville restaurant") on a work day to read Exhibit A out loud in both English and Spanish to all workers and other building occupants and distribute copies of these notices to workers;

13.     Within two days after a Preliminary Injunction is issued, Defendants or their agents shall prominently post multiple copies of the written notices attached hereto as Exhibit A throughout the restaurants located at the Howe restaurant, El Camino restaurant, and Roseville restaurant, such that these notices are visible to all employees and building occupants or affiliates;

14.     Defendants shall maintain paper copies of Exhibit A in English and Spanish and shall make these available to any employee or other individual who requests a copy;

15.     Defendants shall forthwith provide a copy of this Order to all persons acting in concert or participating with Defendants in their business operations. Defendants shall provide all necessary information about this Order to such parties. Defendants shall keep a log with the names and addresses of all persons who have been provided with a copy of this Order;

16.     Defendants shall be precluded from speaking with employees about any matter relating to this case, except as directed by the terms of this injunction;

17.     Defendants shall be enjoined from noticing or proceeding with depositions of former or current employees unless and until the Order of this Court specifying the terms for redressing Defendants' past retaliatory conduct and intimidation violative of Section 15(a)(3); and

///

18.     Defendants shall pay for the Secretary's costs and expenses in filing this motion.

## III.     CONCLUSION

For the reasons stated above, the Secretary respectfully requests that this Court issue a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants to prevent ongoing retaliation against employees and interference with the Secretary's prosecution of this case and the integrity of this proceeding.

Respectfully submitted,

Dated: July 1, 2022

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

_____/s/ Jennifer L. Sta.Ana_____
_____

JENNIFER L. STA.ANA
Trial Attorney

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

EXHIBIT A

# NOTICE TO EMPLOYEES

The Department of Labor (DOL) has a legal case against a group of Defendants, including Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, and Alejandro Rodriguez. The judge overseeing this case has ordered the Defendants or anyone acting on their behalf to stop threatening or harming you for speaking to DOL representatives or participating in the DOL's legal case. The judge has also required Defendants to give you this notice of your rights.

# YOUR RIGHTS UNDER THE FLSA

- There are state, local, and federal laws related to your workplace rights. The DOL enforces the Fair Labor Standards Act (FLSA). Under the FLSA, your employer must pay you:

  o Federal minimum wage ($7.25 per hour) for all hours worked. (Your employer may owe you aa higher minimum wage under local or state law.)

  o Overtime pay if you work more than forty hours per week.

- You must be paid for all work you do for your employer. This might include cleaning your work station, cleaning any company property, cleaning tools or clothes required for your work, and putting on or taking off clothes and tools required for work.

- Your employer must correctly document and report each hour you work and all pay you receive.

- Your employer cannot threaten you or take action against you for speaking to a DOL representative, participating in a DOL legal case, or exercising your FLSA rights.

- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights. It is illegal for your employer to take the following actions because you exercised your FLSA rights:**

  o Fire you or any friends or relatives that work with you;

  o Refuse to pay you for all hours you work;

  o Refuse to hire a relative of yours;

  o Report you to the government for deportation;

  o Reduce your work hours or the amount you earn;

  o Threaten you with legal problems or threaten to use their lawyer to harm you;

  o Make any other threat or take any harmful action against you.

- It is also illegal for anybody to make you sign a document in which you promise to tell a judge or any representative of the DOL false information about the hours you work, pay you receive, or anything else related to your FLSA rights. Any document you have signed promising to tell false information to a judge or anyone else has no legal value and cannot be used against you.

- These laws apply to you regardless of your immigration status.

**If any of these actions occur, please immediately contact the DOL at (866) 487-9243.**

El Departamento de Trabajo (DOL) tiene un caso legal contra un grupo de Demandados, incluyendo Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, y Alejandro Rodriguez. El juez que supervisa este caso ordenó a los Demandados o cualquier persona que actuó en su nombre de parar amenazando o lastimando a ustedes por hablar con representantes del DOL o participar en el caso legal del DOL. El juez también ha requerido que los Demandados le den este aviso de sus derechos.

# SUS DERECHOS BAJO LA FLSA

- Existen leyes estatales, locales y federales relacionadas con sus derechos laborales. El DOL hace cumplir la Ley de Normas Razonables de Trabajo (FLSA en inglés). Según la FLSA, su empleador debe pagarle:

    o Salario mínimo federal ($7.25 por hora) por todas las horas trabajadas. (Su empleador puede deberle un salario mínimo más alto bajo las leyes locales o estatales.)

    o Pago de overtime por horas extras si trabaja más de cuarenta horas por semana.

- Se le debe pagar por todo el trabajo que haga para su empleador. Esto podría incluir, limpiar su estación de trabajo, limpiar cualquier propiedad de la empresa, limpiar herramientas o ropa requerida para su trabajo, y ponerse y quitarse la ropa y las herramientas necesarias para el trabajo.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

- Su empleador no puede amenazarlo ni tomar medidas en su contra por hablar con un representante del DOL, participar en un caso legal del DOL o ejercer sus derechos ante la FLSA.

- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en un caso legal del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**

    o Despedirlo a usted o a cualquier amigo o familiar que trabaje con usted;

    o Negarse a pagarle por todas las horas que trabaja;

    o Negarse a emplear a un familiar suyo;

    o Reportarle al gobierno para su deportación;

    o Reducir sus horas de trabajo o la cantidad que gana;

    o Amenazarlo con problemas legales o amenazar con usar a su abogado para hacerle daño;

    o Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

- También es ilegal que alguien le obligue a firmar un documento en el que promete decirle a un juez o a cualquier representante del DOL información falsa sobre las horas que trabaja, el pago que recibe o cualquier otra cosa relacionada con sus derechos a la FLSA. Cualquier documento que haya firmado con la promesa de proporcionar información falsa a un juez o a cualquier otra persona no tiene valor legal y no puede usarse en su contra.

- Estas leyes se aplican a usted sin importancia de su estatus migratorio.

    **Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al (866) 487-9243.**