MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
JENNIFER STA.ANA (Cal. Bar No. 307977)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7767
staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                            Plaintiff,<br>    v.<br><br>CHE GARIBALDI dba TAQUERIA GARIBALDI, a California corporation; EDUARDO HERNANDEZ, an individual; HECTOR MANUAL MARTINEZ GALINDO, an individual; and ALEJANDRO RODRIGUEZ, an individual,<br><br>                            Defendants. | Case No. 2:22-CV-00756-WBS-KJN<br><br>**DECLARATION OF RAQUEL ALFARO IN SUPPORT OF THE SECRETARY'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Date:       n/a<br>Time:      n/a<br>Judge:    Hon. William B. Shubb |

I, Raquel Alfaro, declare as follows:

1. I am an Investigator employed by the Wage and Hour Division of the United States Department of Labor ("WHD"). I submit this declaration in support of the United States Secretary of Labor's *Application for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.* I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. As a WHD Investigator, it is part of my official duties to conduct investigations of violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). In May 2021, I was assigned to lead an investigation of Che Garibaldi dba Taqueria Garibaldi ("Garibaldi").

3. Shortly after my assignment, I spoke with the co-owner of Garibaldi, Eduardo Hernandez, and informed him that I will be starting an investigation on Garibaldi's compliance under the FLSA. I and several other investigators conducted site visits on May 19, 2021 at Garibaldi's three locations: (a) 1841 Howe Avenue, Sacramento, California 95825 ("Howe restaurant"); (b) 3425 El Camino Avenue, Sacramento, California 95821 ("El Camino restaurant"); and (c) 10000 Fairway Drive #110, Roseville, California 95678 ("Roseville restaurant"). We introduced ourselves as investigators with the United States Department of Labor, Wage and Hour Division.

4. Between May 2021 to June 2022, I interviewed several current and former employees of Garibaldi. Numerous workers expressed concern about whether the owners, Eduardo Hernandez and Hector Manuel Martinez Galindo, and the manager, Alejandro Rodriguez, could find out if they were speaking with me. I advised the workers that the United States Department of Labor treats these interviews as confidential.

5. When I did my initial round of interviews in May 2021, most of the workers that I interviewed told me that they did not work hours exceeding forty per week, worked only eight hours a day, were provided breaks during the day, were provided two days off and thirty-minute breaks, and were paid solely by check. I received contrary information from other workers,

including that the information I received about workers not working over forty hours per week was not accurate.

6. When I conducted interviews in November 2021, more employees disclosed to me that Mr. Hernandez and Mr. Rodriguez told them what to say to me when I interviewed workers in May 2021. They also informed me that Mr. Hernandez and Mr. Rodriguez provided instructions multiple times to remind them of what to say to the Department. During these November 2021 interviews, I learned what I state below in paragraphs 7-9.

7. First, workers informed me that Mr. Hernandez and Mr. Rodriguez instructed them on several occasions to tell the Department that they worked only forty hours or less per week and took breaks, regardless of how long they worked. Mr. Hernandez told employees to say this to the Department because Mr. Hernandez had provided them with the favor of receiving jobs and wages, so they must return the favor by conveying the instructed information to the Department. However, several of the employees who told me they did not work over forty hours per week finally revealed in November 2021 that they in fact did so. If they worked for forty hours or less, Mr. Hernandez and/or the managers of the restaurants would pay for those hours by check. For hours worked over forty, Mr. Hernandez and/or the managers of the restaurants would pay them by cash at a rate equivalent to their regular rate of pay. Workers told me that their employers said cash pay would save them from paying more taxes.

8. Second, employees informed me that Mr. Hernandez and/or the managers of the restaurants instructed employees to record hours worked of forty or less on yellow timecards and to record hours worked over forty on a separate piece of paper. Employees informed me that their employer gave them a new stack of timecards to retroactively write forty-hour workweeks for past pay periods if they recorded hours in excess of forty on their yellow timecards. Some employees told me that the number of timecards to rewrite was of such high volume that they had to take the timecards home to fill out after their shifts. Employees informed me that Mr. Hernandez and the other managers instructed employees to tell the Department that their digital recordkeeping device, uAttend, was broken.

9. Third, upon seeing a time clock system during my site visit at the Howe restaurant, Mr. Rodriguez told me that the employees did not use uAttend. He said they instructed employees not to use it because the system would only work sometimes. However, employees told me that Defendants directed some employees, who worked forty hours or less per week, to record their hours through uAttend and directed other employees, who worked for more than forty hours per week, to record their hours through timecards instead of uAttend.

10. In May 2022, employees notified me that they were nervous and scared. At least one employee called me with grave concern, so much so that the employee was crying during our conversation. Workers told me that once the Department's Complaint obtained news coverage, which was the day after the Secretary filed the Complaint, Mr. Rodriguez warned employees not to speak with reporters or anyone else about the working conditions at Garibaldi. He further told workers that their immigration status "will be reviewed" due to the Complaint. In addition, Mr. Rodriguez informed employees that Mr. Hernandez's attorneys were handling the matter and that they will ultimately find out who is speaking to the Department.

11. In May 2022, an employee informed me that Carlos Barba, another manager at Garibaldi, told workers, "Everyone eats and lives from this job and we all need to support Eduardo [Hernandez] in telling everyone what is being said is not true. People want to earn easy money and this is not the way."

12. Most recently in June 2022, I received information from a worker that Mr. Rodriguez has told employees that the Department's investigation is done and that the Department is only contacting workers to collect their information to send to immigration authorities so they can be deported. Mr. Hernandez asked them, "Why would they help you if you are illegals?"

13. In June 2022, I was informed by a worker that Mr. Rodriguez told employees that if any employee speaks to the Department, Garibaldi will fire them.

14. Workers reported to me that the frequent mention of immigration status by the employer have made them afraid of deportation and have caused a hostile work environment.

15. Since the Secretary has filed the Complaint in this case I have had less contact with employees who expressed fear of consequences if they speak with the Department.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the city of Sacramento, California on July 1, 2022.

*Raquel Alfaro*

Raquel Alfaro

---

DECLARATION OF RAQUEL ALFARO IN SUPPORT OF THE SECRETARY'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER
Case No. 2:22-CV-00756-WBS-KJN                                                              Page 4