MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
JENNIFER STA.ANA (Cal. Bar No. 307977)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone:  (415) 625-7767
staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>       United States Department of Labor,<br><br>                              Plaintiff,<br>       v.<br><br>CHE GARIBALDI dba TAQUERIA GARIBALDI, a California corporation; EDUARDO HERNANDEZ, an individual; HECTOR MANUAL MARTINEZ GALINDO, an individual; and ALEJANDRO RODRIGUEZ, an individual,<br><br>                              Defendants. | Case No. 2:22-CV-00756-WBS-KJN<br><br>**DECLARATION OF JENNIFER L. STA.ANA IN SUPPORT OF THE SECRETARY'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Date:         n/a<br>Time:         n/a<br>Judge:        Hon. William B. Shubb |

I, Jennifer L. Sta.Ana, declare as follows:

1. I am an attorney at law and am licensed to practice in the Eastern District of California. I am a Trial Attorney for Plaintiff Martin J. Walsh, Secretary for the U.S. Department of Labor (the "Secretary").

2. I submit this declaration in support of the Secretary's *Application for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue*. I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

3. The U.S. Department of Labor, Wage and Hour Division ("WHD"), initiated an investigation of Taqueria Garibaldi ("Garibaldi") for compliance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

4. In early May 2021, the Secretary was informed that Garibaldi employers instructed employees to provide false information about work hours and pay to WHD investigators.

5. On May 14, 2021, the legal office where I am employed—the U.S. Department of Labor, Office of the Solicitor—issued a cease-and-desist letter to Garibaldi's owners, Eduardo Hernandez and Hector Manuel Martinez Galindo, to immediately stop destroying payroll records and instructing Garibaldi workers to give false information to the Secretary's investigators. *See* Exhibit A.

6. On May 4, 2022, I filed a Complaint on behalf of the Secretary in the Eastern District of California, seeking back wages, liquidated damages, and injunctive relief for the workers of Garibaldi.

7. On May 11, 2022, I sent a letter to Alden Parker, who is legal counsel for Garibaldi, Mr. Hernandez, Mr. Galindo, and Mr. Rodriguez, requesting that Defendants cease threats to terminate employees and threats related to employees' immigration status. *See* Exhibit B.

///

///

8. On May 16, 2022, I met and conferred with Mr. Parker regarding employees' reports of retaliation by Defendants. I informed him that should Defendants not cease retaliatory activities, the Secretary will seek injunctive relief before the Eastern District of California.

9. On June 30, 2022, I called Mr. Parker to inform Defendants of the Department's intention to seek a temporary restraining order and left him a voice message. After receiving no response, I emailed Mr. Parker about filing a request for a temporary restraining order and order to show cause why a preliminary injunction should not issue before this Court, the date and time for a hearing requested of the Court, and the nature of the relief to be requested. Defendants' counsel replied that they prefer a hearing date during the week of July 11, to which the Secretary has no objection if Defendants stop making threats to workers. *See* Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the city of San Francisco, California on July 1, 2022.

*/s/ Jennifer L. Sta.Ana*
Jennifer L. Sta.Ana

# EXHIBIT A

| | | |
|---|---|---|
| **U.S. DEPARTMENT OF LABOR** | OFFICE OF THE SOLICITOR<br>300 Fifth Avenue, Suite 1120<br>Seattle, WA 98014<br>Direct: (206) 757-6760<br>Facsimile: (206) 757-6760<br>Cameron.Katherine.E@dol.gov |  |

May 14, 2021

Eduardo Hernandez
Hector Manuel Martinez Galindo
Che Garibaldi, Inc. (d/b/a Taqueria Garibaldi)
1841 Howe Ave Ste. A
Sacramento, CA 95825

eduardohdz1978@gmail.com

*Via email and UPS*

    Re:    Cease and Desist Letter and Litigation Hold Notice
            Eduardo Hernandez, Hector Manuel Martinez Galindo, and Che Garibaldi, Inc. (d/b/a
            Taquería Garibaldi)
            Case No. 3948163

Dear Mr. Hernandez and Mr. Martinez Galindo:

As you know, the Che Garibaldi, Inc. company in California is under federal investigation for possible violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Specifically, Che Garibaldi, Inc. is being investigated for potential violations of the minimum wage, overtime, record keeping, anti-interference/anti-retaliation, and child labor provisions of the FLSA in all business locations associated with this entity. <u>This letter is to make abundantly clear that it is illegal for you to interfere with the investigation of the U.S. Department of Labor ("DOL"), Wage and Hour Division, into these potential violations</u>.

The DOL received reports that you have destroyed and falsified payroll records and have instructed your employees to give false information about their work hours and pay to the DOL Wage and Hour Investigators. <u>You must cease immediately.</u>

The DOL is empowered to inspect records and interview employees regarding Che Garibaldi, Inc.'s labor practices. *See* 29 U.S.C. § 211. It is illegal for you or anyone else to obstruct this investigation by knowingly and willfully making materially false statements or representations to a federal agency, such as by lying to a DOL investigator or presenting false records. *See* 18 U.S.C. § 1001. Furthermore, the law prohibits you or anyone else from attempting to influence a witness's testimony; telling a worker or other potential witness they cannot or should not speak with the DOL or give truthful information; or taking any other actions to coerce, intimidate, or retaliate against anyone who has or may participate in any DOL investigation or litigation. *See* 29 U.S.C. § 211, 215.

Anyone who attempts to interfere with the investigation subjects themselves to swift legal action. *See*, *e.g.*, *Scalia v. Unforgettable Coatings, Inc.*, 2020 WL 2535048 at *4 (D. Nev. Apr. 23, 2020) (preliminary injunction against employer threatening employees if they spoke to DOL investigators or helped the DOL's legal case); *Perez v. Stars Cleaning Inc.*, 2015 WL 11242006 at *1 (D. Or. June 26, 2015) (temporary restraining order stopped employer from terminating or threatening employees if they cooperated with the investigation and from directing employees to give false information to the Secretary); *Perez v. Alkanan, Inc.*, 2013 WL 12129857 at *1–2 (C.D. Cal. 2013) (same).

Furthermore, take notice that as potential litigants, Che Garibaldi, Inc. and all of its agents, officers, representatives, employees, custodians, contractors, successors, parties in interest and all others with evidence that is potentially relevant to the aforementioned federal investigation (and any ensuing litigation) are under an <u>obligation to preserve and not destroy such evidence</u>. Che Garibaldi, Inc. also has an obligation to instruct all individuals with potentially responsive documentation to affirmatively preserve and retain such documentation. *See, e.g.*, *Wm. T. Thompson Co. v. GNC*, 593 F. Supp. 1443, 1455 (C.D. Cal.1984) (litigant or potential litigant is under a duty to preserve evidence in his possession that he knows or should know is relevant to litigation or which might lead to the discovery of admissible evidence); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.").

Che Garibaldi, Inc. and all of its agents are under an obligation to "suspend [any] routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents." *In re Napster, Inc.*, 462 F. Supp. 2d at 1070. This applies to paper and electronically-stored records such as computer files and video and audio recordings.

Accordingly, you and Che Garibaldi, Inc. are obligated to take all necessary steps to put in place effective litigation holds to ensure that all potentially relevant documents and other evidence are preserved – and that all persons who may possess or have control or access to such evidence are notified of this duty. This includes, <u>but is not limited to</u>, preserving the following types of evidence related to all of your business operations at any location:

1. All records (including but not limited to hard copies and electronic copies, such as electronic time clock records, time cards, text messages, voicemail messages, email messages, video recordings, and other electronically stored data) for employees, managers, office personnel, and payroll personnel showing: work schedules, hours worked, stop and start times and any edits made to those times, hours spent driving between work locations, payments made (whether salaried and/or hourly), pay stubs, check stubs, cash receipts/invoices, bonuses, and any deductions made to pay.

2. All records (including but not limited to hard copies and electronic copies, such as text messages, voicemail messages, email messages, video recordings, and other electronically stored data) showing employees signing in or out of any restaurant location

3. All files (including but not limited to hard copies and electronic copies, such as text messages, voicemail messages, email messages, video recordings, and other electronically stored data) related to ownership interests in Che Garibaldi, Inc.

4. Any and all communications (including but not limited to hard copies and electronic copies, such as text messages, voicemail messages, email messages, and other electronically stored data) amongst Che Garibaldi, Inc. and its officers, managers, employees, and agents related to the wages, hours and working conditions of the workers.

5. Any and all communications (including but not limited to hard copies and electronic copies, such as text messages, voicemail messages, email messages, and other electronically stored data) between Che Garibaldi, Inc. (and its agents and employees) and its employees, managers, office personnel, and payroll personnel.

    6.    Any and all contracts or agreements between Che Garibaldi, Inc. and its customers or clients.

    7.    Any and all contracts or agreements between Che Garibaldi, Inc. and its employees, managers, office personnel, and payroll personnel.

    8.    Any and all records and communications regarding policies, practices, procedures, rules, and/or requirements Che Garibaldi, Inc. governing its employees, managers, office personnel, and payroll personnel.

Feel free to contact me if you have any questions or concerns. My direct phone number is (206) 757-7670.

    Sincerely,

    SUSAN G. KUMLI
    Acting Regional Solicitor

    ANDREW SCHULTZ
    Counsel for Wage & Hour

    By: */s/ Katherine E. Cameron*
    KATHERINE E. CAMERON
    Senior Trial Attorney

# EXHIBIT B

**U.S. Department of Labor**  Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103

Reply to:
Jennifer L. Sta.Ana, Esq.
415-625-7767
staana.jennifer.l@dol.gov

*Via U.S. Mail and Electronic Mail*

May 11, 2022

Alden Parker
Fisher Phillips
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
aparker@fisherphillips.com

      **Re:**    *Walsh v. Che Garibaldi et al.*
              Case No. 2:22-cv-00756-WBS-KJN (E.D. Cal. 2022)

Dear Mr. Parker:

      I am an attorney representing the Secretary of Labor. On May 4, 2022, the Secretary of the United States Department of Labor filed a complaint in the United States District Court for the Eastern District of California against Che Garibaldi Inc. ("Garibaldi"), Eduardo Hernandez, Hector Manuel Martinez Galindo, and Alejandro Rodriguez (jointly "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et al.* ("FLSA").

      It has come to our attention that your clients and their agents are making termination and immigration threats, and discouraging employees from participating in this litigation or communicating with the Department of Labor. These threats are intended to have a coercive effect on the employees. As you are aware, the FLSA prohibits retaliation against employees asserting their rights under the FLSA, including communicating with the Department of Labor.

      The mention of immigration is especially disturbing. It is clear that the mention of immigration is intended to have *in terrorem* effect on Garibaldi employees to chill their participation in this litigation. There is no lawful purpose for such statements. The FLSA is very clear that all workers are entitled to make and pursue wage complaints and speak with the government without fear of retaliation. *See Kasten v. Saint Gobain Performance Plastics Corp.*, 563 US 1 (2011); *Arias v. Raimondo*, 860 F.3d 1185 (9th Cir. 2017) (finding the FLSA's anti-retaliation provision applicable to "any person" using immigration to prevent employees from participating in FLSA litigation, including a legal representative).

      Further, anyone who attempts to improperly interfere with the Department of Labor's enforcement of the FLSA subjects themselves to claims of retaliation and interference claims. *See, e.g., Scalia v. Unforgettable Coatings, Inc.*, 2020 WL 2535048 at *4 (D. Nev. Apr. 23, 2020) (finding a preliminary injunction appropriate against an employer threatening employees if they spoke to the Department of Labor's investigators or helped the Department of Labor's legal

Alden Parker
May 11, 2022
Page 2

case); *Perez v. Stars Cleaning Inc.*, 2015 WL 11242006 at *1 (D. Or. June 26, 2015) (finding temporary restraining order appropriate to stop an employer from terminating or threatening employees if they cooperated with the investigation and from directing employees to give false information to the Secretary); *Perez v. Alkanan, Inc.*, 2013 WL 12129857 at *1–2 (C.D. Cal. 2013) (same).

We request that Defendants immediately stop all intimidation attempts and stipulate to an entry of a preliminary injunction prohibiting retaliation against employees or any inquiry into their immigration status. Please let us know by Monday, May 16, 2022, if your clients will stipulate to the same. Otherwise, we will ask the court to enter a preliminary injunction and protective order.

Feel free to contact me with any questions or concerns at 415-625-7767 or staana.jennifer.l@dol.gov.

Sincerely,

U.S. Department of Labor
Office of the Solicitor, Region IX

**MARC A. PILOTIN**
Regional Solicitor

**BORIS ORLOV**
Counsel for Wage and Hour

**JENNIFER L. STA.ANA**
Trial Attorney

# EXHIBIT C

| | |
|---|---|
| **From:** | Sta.Ana, Jennifer L - SOL |
| **To:** | Parker, Alden |
| **Cc:** | Rathke, Vicki |
| **Subject:** | RE: Walsh v. Taqueria Garibaldi et al. (Case No. 2:22-CV-00756-WBS-KJN) |
| **Date:** | Friday, July 1, 2022 2:04:00 PM |
| **Attachments:** | image001.png |

Alden,

I can assure there is no gamesmanship. You assured us that no retaliation was taking place during our meeting in May. We were hoping that it in fact stopped. Only recently, we verified that in fact the immigration and termination threats by your client are continuing. Because the situation is urgent, we plan to file today. As previously stated, there would be no need for the TRO if your clients simply stipulated to an injunction to follow the law and avoid retaliatory actions and immigration threats. The fact that they have not agreed to simply follow the law is telling. We will request that the Court set the hearing for week of July 11 if you, in exchange, instruct and insure your clients to stop making these threats to workers.


**Jennifer L. Sta.Ana** (she/her)
Trial Attorney



**U.S. Department of Labor**
**Office of the Solicitor, Region IX – San Francisco**
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Tel: (415) 625-7767 | Fax: (415) 625-7772
staana.jennifer.l@dol.gov

**ATTENTION**:  In light of the current restrictions put in place by federal, state, and by local county governments in response to COVID-19, the Office of the Solicitor in San Francisco requests that all communication and document delivery be handled electronically/via e-mail. Until further notice, please send any documents and correspondence electronically rather than using U.S. Mail or overnight delivery services. Thank you.

**THIS IS A PROTECTED COMMUNICATION.** This email may contain privileged material and may not be disclosed to third parties without the express consent of the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.


**From:** Parker, Alden <aparker@fisherphillips.com>
**Sent:** Friday, July 1, 2022 12:11 PM
**To:** Sta.Ana, Jennifer L - SOL <StaAna.Jennifer.L@DOL.gov>
**Cc:** Rathke, Vicki <vrathke@fisherphillips.com>
**Subject:** Re: Walsh v. Taqueria Garibaldi et al. (Case No. 2:22-CV-00756-WBS-KJN)

> CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

We will accept service by email on their behalf.

I would request you have the hearing during the week of July 11th.  I will note, the timing of the filing seems a bit of gamesmanship to file right before a holiday weekend.  We spoke about this a month ago and and the timing seems to be timed to deprive us of our opportunity to respond unless we put aside holiday plans.  Where you waited a month after saying you needed a TRO, surely you can wait a few more days to permit us to enjoy the holiday weekend.  Will you wait to file until Tuesday?

Alden J. Parker
Regional Managing Partner
Co-Chair Hospitality Industry Group
(916) 769-9905

---

**From:** Sta.Ana, Jennifer L - SOL <StaAna.Jennifer.L@DOL.gov>
**Sent:** Friday, July 1, 2022 11:51 AM
**To:** Parker, Alden <aparker@fisherphillips.com>
**Subject:** RE: Walsh v. Taqueria Garibaldi et al. (Case No. 2:22-CV-00756-WBS-KJN)

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

---

Alden,

We are preparing to personally serve the TRO papers on the Defendants. Will you agree to accept service by e-mail on their behalf?

Thank you,

**Jennifer L. Sta.Ana** (she/her)
Trial Attorney



**U.S. Department of Labor**
**Office of the Solicitor, Region IX – San Francisco**
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Tel: (415) 625-7767 | Fax: (415) 625-7772

staana.jennifer.l@dol.gov

**ATTENTION**:  In light of the current restrictions put in place by federal, state, and by local county governments in response to COVID-19, the Office of the Solicitor in San Francisco requests that all communication and document delivery be handled electronically/via e-mail. Until further notice, please send any documents and correspondence electronically rather than using U.S. Mail or overnight delivery services. Thank you.

**THIS IS A PROTECTED COMMUNICATION.** This email may contain privileged material and may not be disclosed to third parties without the express consent of the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.

---

**From:** Sta.Ana, Jennifer L - SOL
**Sent:** Thursday, June 30, 2022 5:25 PM
**To:** Parker, Alden <aparker@fisherphillips.com>
**Subject:** Walsh v. Taqueria Garibaldi et al. (Case No. 2:22-CV-00756-WBS-KJN)

Alden,

I left a voice message earlier today to provide notice of the U.S. Secretary of Labor's intention to seek a temporary restraining order and order to show cause regarding a preliminary injunction. I have not heard back from you. The Secretary plans to file the appropriate documents tomorrow, July 1, 2022, in the Eastern District of California and seeks the earliest available hearing date and time.

The nature of the relief requested includes ceasing Defendants from retaliating and discriminating against employees with threats of termination, misinforming employees that the Secretary's case is over, and misleading employees to believe that any communication with the Secretary's representatives will lead to possible deportation. The Secretary further requests that Defendants maintain accurate payroll records. The Secretary will also request that notice is provided to employees about their rights under the FLSA and the Act's anti-retaliation and recordkeeping provisions.

Best,

**Jennifer L. Sta.Ana** (she/her)
Trial Attorney



**U.S. Department of Labor**
**Office of the Solicitor, Region IX – San Francisco**
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Tel: (415) 625-7767 | Fax: (415) 625-7772

staana.jennifer.l@dol.gov

**ATTENTION**:  In light of the current restrictions put in place by federal, state, and by local county governments in response to COVID-19, the Office of the Solicitor in San Francisco requests that all communication and document delivery be handled electronically/via e-mail. Until further notice, please send any documents and correspondence electronically rather than using U.S. Mail or overnight delivery services. Thank you.

**THIS IS A PROTECTED COMMUNICATION.** This email may contain privileged material and may not be disclosed to third parties without the express consent of the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.