Alden J. Parker (SBN 196808)
E-Mail:  aparker@fisherphillips.com
Marco A. Rodriguez (SBN 329938)
E-Mail:  marodriguez@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile:  (916) 210-0401

Attorneys for
Defendants CHE GARIBALDI dba
TAQUERIA GARIBALDI; EDUARDO
HERNANDEZ; HECTOR MANUAL MARTINEZ
GALINDO; and ALEJANDRO RODRIGUEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>     Plaintiff,<br><br>  v.<br><br>CHE GARIBALDI dba TAQUERIA GARIBALDI, a California corporation; EDUARDO HERNANDEZ, an individual; HECTOR MANUAL MARTINEZ GALINDO, an individual; and ALEJANDRO RODRIGUEZ, an individual,<br><br>     Defendants. | Case No:   22:cv-00756-WBS-KJN<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:  July 7, 2022<br>Time:  10:00 a.m.<br>Location:<br>Courtroom 5, 14th Floor<br>Robert T. Matsui Courthouse<br>501 I Street<br>Sacramento, CA 95814<br><br>Complaint Filed: May 4, 2022<br>Trial Date: None Set |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. **THE SECRETARY HAS NOT MET ITS EXTRAORDINARILY HIGH BURDEN NEEDED TO PREVAIL ON A TRO** ....................................2

    A. **Plaintiff's Hearsay Evidence Is Insufficient to Support His Application for a Temporary Restraining Order** ............................................3

    B. **Plaintiff is Not Likely to Succeed On His Claim that Defendant Retaliated Against Employees** ....................................................................4

        1. **Protected activity** ...........................................................................4

        2. **There has been no adverse employment action against employees** ...................6

        3. **There is no causal link between any protected activity and adverse action** ...........................................................................7

    C. **Plaintiff Cannot Demonstrate a Likelihood of Irreparable Harm** ..........8

    D. **The Balance of Equities Tilt Sharply in Defendants' Favor and Injunction Is Not in the Public's Interest**. ..................................................9

IV. **THE COURT HAS AUTHORITY TO ORDER EXPEDITED DISCOVERY BEFORE THE RULE 26(F) MEETING FOR GOOD CAUSE** .........10

    A. **Good Cause Exists For Limited Expedited Discovery** ...........................11

    B. **The Informants Privilege Does Not Justify Withholding the Informants' Identities** ..............................................................................11

V. CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. Nuzon Corp.*,
  2019 WL 12872654 (C.D. Cal. Feb. 12, 2019) ............................................................... 12, 13

*Alliance for the Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) ................................................................................................ 2

*Arias v. Raimondo*,
  860 F.3d 1185, 1192 (9th Cir. 2017). ..................................................................................... 6

*Avila v. Los Angeles Police Dep't*,
  758 F.3d 1096 (9th Cir. 2014) ............................................................................................ 4, 5

*Beyah v. Dodaro*,
  666 F. Supp. 2d 24 (D.D.C. 2009) .......................................................................................... 5

*Blackie v. State of Me.*,
  75 F.3d 716 (1st Cir. 1996) ..................................................................................................... 7

*Bracco v. Lackner*,
  462 F. Supp. 436 (N.D. Cal. 1978) ......................................................................................... 3

*Brooks v. City of San Mateo*,
  229 F.3d 917 (9th Cir. 2000) ................................................................................................... 6

*Caribbean Marine Services Co., Inc. v. Baldrige*,
  844 F2d 668 (9th Cir. 1988) ................................................................................................... 8

*Carmen v. S.F. Unified Sch. Dist.*,
  237 F.3d 1026 (9th Cir. 2001) ................................................................................................ 7

*Cate v. Oldham*,
  707 F.2d 1176 (11th Cir. 1983) .............................................................................................. 9

*Church v. City of Huntsville*,
  30 F.3d 1332 (11th Cir. 1994) ................................................................................................ 8

*Ellsworth Assocs., Inc. v. United States*,
  917 F. Supp. 841 (D.D.C. 1996) .................................................................................... 10, 11

*Garcia v. Google, Inc.*,
  786 F.3d 733 (9th Cir. 2015) .................................................................................................. 8

*Goldberg v. Kelly*,
  397 U.S. 254 (1970) ......................................................................................................... 12, 13

*Gulf Oil Co. v. Bernard*,
    452 U.S. 89 (1981) .................................................................................................................. 10

*Hellman v. Weisberg*,
    360 Fed. Appx. 776 (9th Cir. 2009) (unpublished) ................................................................ 6

*Hill v. Mr. Money Fin. Co.*,
    491 F. Supp. 2d 725 (N.D. Ohio 2007) ................................................................................... 5

*Marshall Durbin Farms, Inc. v. Natl. Farmers Org., Inc.*,
    446 F.2d 353 (5th Cir. 1971) ................................................................................................... 3

*Mata v. City of Los Angeles*,
    CV076782GAFJWJX, 2008 WL 11338102 (C.D. Cal. July 3, 2008) ............................... 10

*Mazurek v. Armstrong*,
    520 U.S. 968 (1997) (*per curiam*) .......................................................................................... 2

*Rubin ex rel. N.L.R.B. v. Vista Del Sol Health Services, Inc.*,
    80 F. Supp. 3d 1058 (C.D. Cal. 2015) .................................................................................... 3

*In re Perez*,
    749 F.3d 849,855-56 (9th Cir. 2014) ................................................................................... 11

*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*,
    213 F.R.D. 418 (D. Colo. 2003) ..................................................................................... 10, 11

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) .......................................................................................... 11

*Shegog v. Bd. of Educ. of City of Chicago*,
    194 F.3d 836 (7th Cir. 1999) ................................................................................................... 9

*Solis v. Best Miracle Corp.*,
    No. SACV 08-0998CJC, 2009 WL 3709498 (C.D. Cal. Nov. 3, 2009) ........................... 12

*Stanley v. University of So. Calif.*,
    13 F.3d 1313 (9th Cir. 1994) ................................................................................................. 11

*Torsky v. Avon Products, Inc.*,
    707 F. Supp. 942 (W.D. Mich. 1988) ..................................................................................... 5

*U.S. v. Guerrero*,
    693 F.3d 990 (9th Cir. 2012) ................................................................................................. 10

*Walleri v. Fed. Home Loan Bank of Seattle*,
    83 F.3d 1575 (9th Cir. 1996) ................................................................................................... 5

*Winter v. Nat. Resources Def. Council, Inc.*,
    555 U.S. 7 (2008) ........................................................................................................... 2, 8, 9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER
FP 44459887.1

**Statutes**

29 U.S.C. § 215(a)(3) ............................................................................................................. 4

Fair Labor Standards Act ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 26(d)(1) ........................................................................................................ 10

Fed Rule Civ. P. 26(f) .................................................................................................... 10, 11

iv

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

FP 44459887.1

## I. INTRODUCTION

Plaintiff files the subject application for a TRO with the barest of allegations. Not only is the entire TRO based on hearsay; the hearsay statements are allegedly made by unidentified individuals. The Secretary ("Plaintiff") appears to feel there is no standard upon which to judge his application. However, the standard for such an extraordinary remedy is steep. Plaintiff has utterly failed to meet his burden. Granting a TRO upon such thin allegations of unidentified hearsay declarants would eviscerate the standard for granting such an extraordinary remedy.

## II. FACTUAL BACKGROUND

In May 2021, the Wage and Hour Division of the U.S. Department of Labor ("Department") began investigating Defendant's wage and hour practices. Declaration of Alejandro Hernandez ("Hernandez Decl.") ¶ 4. Defendant took all steps to cooperate with the Department's investigation. Hernandez Decl. ¶ 4. Nonetheless, on May 4, 2021, the Secretary ("Plaintiff") filed suit on behalf of the Department, seeking back wages, liquidated damages, and injunctive relief for Defendant's alleged FLSA violations. Hernandez Decl. ¶ 4.

Then, on May 11, 2022, Plaintiff's counsel sent a letter to Defendant's legal counsel, Alden Parker, accusing Defendant of threatening its employees with termination and deportation if they cooperate with the Department. Declaration of Alden Parker ("Parker Decl.") ¶ 3. Plaintiff's counsel further requested that Defendant stipulate to a preliminary injunction. Parker Decl. ¶ 3.

On May 16, 2022, Alden Parker met and conferred with Plaintiff's counsel regarding Plaintiff's allegations. Parker Decl. ¶ 4. Mr. Parker informed Plaintiff's counsel that Defendant denied the allegations and would not stipulate to a preliminary injunction based on conduct it did not undertake. Parker Decl. ¶ 4. Plaintiff's counsel did not respond. Parker Decl. ¶ 4.

Nearly two months later, this motion for a temporary restraining order followed. Parker Decl. ¶ 5. In support of Plaintiff's motion, Plaintiff proffers the declaration of one WHD investigator, Raquel Alfaro, who claims various employees reported to him that Defendant was making threats of retaliation for cooperating with the Department's investigation. Declaration of Raquel Alfaro ("Alfaro Decl.") ¶¶ 10-13. Ms. Alfaro mistakenly references Alejandro Rodriguez as the individual making the threatening statements. Alfaro Decl. ¶¶ 10-13. However, Alejandro Rodriguez's actual name is Alejandro

Hernandez. Hernandez Decl. ¶ 3. Surprisingly, Plaintiff has not offered the declaration of any of the purported employees having first-hand knowledge of the alleged statements. In opposition, Defendant offers the first-hand declarations of manager Alejandro Hernandez and Chief Financial Officer Hector Martinez, who adamantly deny any wrongdoing.

There are numerous false statements contained in Ms. Alfaro's declaration, which are refuted by Mr. Hernandez. Hernandez Decl. ¶ 6. For example, Mr. Hernandez (mistakenly referenced as Alejandro Rodriguez) never made any threatening statements to employees regarding their employment with Defendant. Hernandez Decl. ¶ 6. Nor did Mr. Hernandez make statements alerting employees that if they participate in this litigation, their immigration status will be questioned. Hernandez Decl. ¶ 6. Notably, since the Department began its investigation in May 2021, Defendant has not terminated a single employee. Hernandez Decl. ¶ 7, Martinez Decl. ¶ 6. Nor has Defendant ever reported any employee to immigration authorities. Hernandez Decl. ¶ 7, Martinez Decl. ¶ 6.

### III. THE SECRETARY HAS NOT MET ITS EXTRAORDINARILY HIGH BURDEN NEEDED TO PREVAIL ON A TRO.

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*). As such, a plaintiff seeking a temporary restraining order must clearly establish: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *Winter v Natural Resources Defense Council*, Inc., 555 US 7, 20 (2008). A preliminary injunction "should not be granted unless the movant, **by a clear showing**, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (internal quotation marks omitted). Plaintiff bears the burden of satisfying all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Where Plaintiff's entire Application is built on hearsay evidence, he cannot meet his burden of persuasion.

///

///

**A. Plaintiff's Hearsay Evidence Is Insufficient to Support His Application for a Temporary Restraining Order**

In the preliminary injunction context, the trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial. *Rubin ex rel. N.L.R.B. v. Vista Del Sol Health Services, Inc.*, 80 F. Supp. 3d 1058, 1102 (C.D. Cal. 2015) However, it is up to the trial court to determine the weight to be given such evidence, taking into consideration the declarant's competency, personal knowledge and credibility. *Bracco v. Lackner*, 462 F. Supp. 436, 442 (N.D. Cal. 1978). When the primary evidence introduced is a declaration made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for a preliminary injunction. *Marshall Durbin Farms, Inc. v. Natl. Farmers Org., Inc.*, 446 F.2d 353, 357 (5th Cir. 1971) ("While we do not rule out the possibility that hearsay may form the basis for, or contribute to, the issuance of a preliminary injunction, the district courts have shown appropriate reluctance to issue such orders where the moving party substantiates his side of a factual dispute on information and belief"). Courts similarly give hearsay statements less credence than direct allegations. See *Id.*

Here, Plaintiff did not provide a single declaration from an employee with first-hand knowledge of the allegations. The Secretary's Memorandum of Points and Authorities in Support of Plaintiff's Application for Temporary Restraining Order ("ECF no. 8-1"). Instead, Plaintiff relies entirely on hearsay set forth in declarations from one WHD investigator and one counsel who was not present during any of the interviews. Specifically, WHD investigator Raquel Alfaro alleges on information and belief that Alejandro Rodriguez made threatening statements to Defendant's employees regarding their employment and immigration status. Alfaro Decl. ¶¶ 10-13. Ms. Alfaro bases her belief on statements allegedly made to her by unnamed employees of Defendant. Alfaro Decl. ¶¶ 10-13. Not only does Ms. Alfaro lack personal knowledge of the allegations at issue, but her allegations amount to nothing more than layered hearsay. In opposition, Defendant has provided direct evidence in the form of a declaration from Alejandro Hernandez (who Plaintiff erroneously references as Alejandro Rodriguez), who testifies that no such statements were ever made to any of Defendant's employees. Hernandez Decl. ¶ 6.

Defendant does not contend that the Court may never consider inadmissible evidence when determining whether to grant injunctive relief. However, Defendant does contend that the Court should

give little weight to Ms. Alfaro's declaration, especially given Plaintiff's failure to provide any other supporting first-hand evidence and refusal to disclose the identity of the alleged employees.

Plaintiff cannot carry his burden of demonstrating by a clear showing that he is likely to succeed on the merits, where the alleged unidentified hearsay statements stand in direct contrast to the specific, first-hand declaration of Mr. Hernandez. A TRO is an extraordinary remedy that may be awarded only upon a clear showing that a plaintiff is entitled to such relief. Here, Plaintiff bases its motion entirely on the layered hearsay statements of unidentified individuals. Defendant cannot imagine a weaker presentation than the one Plaintiff has presented here. Therefore, the Court should deny Plaintiff's request for a TRO on this basis alone.

### B. Plaintiff Is Not Likely to Succeed On His Claim That Defendant Retaliated Against Employees.

Even if the Court were to deem Ms. Alfaro's hearsay filled declaration reliable, the Court should still deny Plaintiff's motion because Defendant did not retaliate against employees.

To establish a violation of the FLSA's anti-retaliation provision, Plaintiff must reliably demonstrate that: (1) an employee "engaged in or was engaging in activity protected under federal law," (2) the employee was subjected to "an adverse employment action[,]" and (3) the protected activity was a "motivating reason" for the adverse action. *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1102-04 (9th Cir. 2014); *see also* 29 U.S.C. § 215(a)(3).

#### 1. Protected Activity

Plaintiff asserts that Defendant's unidentified employees engaged in "protected activity" by virtue of being part of the Secretary's investigation and this litigation as potential witnesses for the Secretary. ECF no. 8-1 at 13, lines 26-28. However, Plaintiff offers no authority for this proposition. If such a sweeping rule existed, there certainly would be statutory language or rulemaking to impose it.

Alternatively, Plaintiff asserts that Defendant's employees engaged in "protected activity" from the moment they spoke to the Department and exercised their right to notify Plaintiff of FLSA violations. ECF no. 8-1 at 14, lines 15-16. To date, Plaintiff has not disclosed the identity of any of the alleged employees. Therefore, any assertion that certain employees of Defendant confided in the Secretary is merely speculative and entirely premised on hearsay. It is difficult to imagine how Defendant's alleged

retaliatory conduct was targeted at specific employees when their identities remain a mystery to Defendant.

Finally, realizing there has been no retaliation, Plaintiff relies on *Saucers* for the proposition that "action taken in anticipation of employees engaging in protected [activity] … [is] no less retaliatory than action taken after the fact." ECF no. 8-1 at 14, lines 5-9, citing *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122 (10th Cir. 1993). However, Plaintiff's reliance on *Saucers* is misplaced. *Saucers* was a Title VII case where the employee alleged she was reassigned to another position because her supervisor feared she would bring a sexual harassment claim against him. In finding that the supervisor had retaliated against the employee, the court found that the reassignment was motivated by the supervisor's subjective fear that the employee might soon file a sexual harassment complaint against him. *Id.* at 1127-28.

*Saucers* differs from the present case in that the employee in *Saucer* was actually subjected to an adverse employment action, i.e., reassigned. Here, Plaintiff merely alleges that Defendant is threatening to take an adverse employment action against its employees sometime in the future. Threats of future retaliation is not retaliation, especially when it is not linked to any protected activity. Moreover, the plaintiff in *Saucer* relied on much more than just a single declaration, filled with hearsay statements made by unidentified individuals.

More instructive are the courts, including those in the Ninth Circuit, who have held that anticipatory retaliation is not retaliation. *See Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1581 n.1 (9th Cir. 1996) (holding that the employee's report to the FBI could not serve as the basis for a whistleblower retaliation claim because it was not made until after she was terminated). *See also Hill v. Mr. Money Fin. Co.*, 491 F. Supp. 2d 725, 736 (N.D. Ohio 2007); *Torsky v. Avon Products, Inc.,* 707 F. Supp. 942, 946 (W.D. Mich. 1988); *Beyah v. Dodaro*, 666 F. Supp. 2d 24, 39 n.15 (D.D.C. 2009). Under these cases, retaliation is a consequence of a worker's protected activity, not the other way around. Accordingly, any alleged action taken by Defendant in anticipation of employees engaging in protected activity is not retaliation.

Therefore, under either theory, Plaintiff has not engaged in protected activity and thus cannot establish a critical element of his prima facie case.

**2. There has been no adverse employment action against employees.**

Plaintiff argues that Defendant took an adverse employment action against its employees by making threatening statements. Specifically, Plaintiff claims that Mr. Hernandez threatened to terminate employees who communicated with the Department, and that Mr. Hernandez alluded to possible immigration consequences. ECF no. 8-1 at 15, lines 12-23. However, neither claim is supported by the evidence. As stated above, Defendant denies making any threats whatsoever and has provided direct evidence for its position in the form of a declaration from Mr. Hernandez, the individual charged with making the alleged statements. Hernandez Decl. ¶ 6. On the other hand, Plaintiff has not presented any admissible evidence to support his claims. Instead, Plaintiff tries to hang his hat on the sole hearsay-riddled declaration of Ms. Alfaro without identifying any of the purported employees making the allegations.

That said, even taking Plaintiff's allegations as true, the alleged statements do not constitute an actionable adverse employment action such as a termination, a negative employment reference, demotion, or reduction in pay. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("only non-trivial employment actions that would deter reasonable employees from complaining about [FLSA] violations will constitute actionable retaliation . . . Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion."). Plaintiff's allegation that Defendant made threats to its employees of future retaliation should not alter the Court's analysis. *Hellman v. Weisberg*, 360 Fed. Appx. 776, 779 (9th Cir. 2009) (unpublished) ("the mere threat of termination does not constitute an adverse employment action.").

Plaintiff relies on *Arias v. Raimondo*, for the proposition that making threats of deportation constitutes an adverse employment action. 860 F.3d 1185, 1192 (9th Cir. 2017). However, *Arias* differs from this case in that the attorney in *Arias* did indeed contact immigration authorities. *Id.* at 1188. Here, Plaintiff alleges that Mr. Hernandez is merely alluding to the possibility of immigration consequences in the future. Specifically, Ms. Alfaro alleges that:

///

///

- Mr. Hernandez misled workers, informing them that the Department's investigation is over and that all information provided to the Department is solely for the purpose of reporting them to the immigration authorities to deport them; and

- Mr. Hernandez made workers question the enforcement actions of the Department, by asking employees, "Why would they [the Department] help you if you are illegals?"

ECF no. 8-1 at 10, lines 11-23. Even if the Court were to accept these allegations as true (which it should not because they are all based on hearsay), these statements are not analogous to the attorney's conduct in *Arias*. Plaintiff does not even allege that Mr. Hernandez threatened to call immigration on employees. ECF no. 8-1 at 10, lines 11-23. Instead, Plaintiff alleges that Mr. Hernandez is causing Defendant employees to question the motives of the Department's investigation. This distinction sets this case far apart from the extreme circumstances of *Arias*. Thus, Plaintiff fails to meet its burden on the adverse element of its retaliation claim.

**3. There is no causal link between any protected activity and adverse action.**

For the final element—a causal link between the protected activity and the adverse action—a party claiming retaliation under the FLSA must "proffer evidence from which a reasonable factfinder could infer that the employer retaliated against him for engaging in the protected activity." *Blackie v. State of Me.*, 75 F.3d 716, 723 (1st Cir. 1996).

Plaintiff claims that the climate and history of intimidation, direct references to the protected activity, and extraordinarily close timing between the adverse actions and those activities, demonstrates causation. ECF no. 8-1 at 16, lines 11-23. Again, Defendant reiterates that Mr. Hernandez never made any threatening statements, and even assuming he did, such statements do not constitute an adverse employment action. Even still, Plaintiff expects this Court to presuppose causation without offering any facts to support a causal link. Plaintiff assumes that Mr. Hernandez's statements were motivated by Plaintiff's investigation and subsequent lawsuit. ECF no. 8-1 at 16, lines 11-13. However, pure speculation, without "any basis in personal knowledge for the plaintiff's subjective belief about the defendant's motive" is not cognizable evidence. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief . . . without evidence supporting that belief, is no more than speculation or unfounded accusation . . . . [Plaintiff] failed to show personal knowledge [of the defendant's motive]. It is not enough for a witness to tell all she knows; she must know all she tells.")

(emphasis added). Here Plaintiff's claim for retaliation hinges on the sole declaration of Ms. Alfaro. However, as stated repeatedly above, Ms. Alfaro lacks personal knowledge of any of the allegations set forth in her declaration. Thus, Plaintiff's claim that Mr. Hernandez's statements were motivated by Plaintiff's investigation and lawsuit is purely speculative.

Moreover, Plaintiff's claim that the climate and history of Defendant somehow demonstrates causation is similarly flawed. ECF no. 8-1 at 16, lines 11-13. Plaintiff proffers no reliable evidence of past, present, or future intimidation. Notably, since Plaintiff initiated its investigation back in May 2021, Defendant has not terminated a single employee. Hernandez Decl. ¶ 7. Nor has Defendant ever called immigration authorities on any of its employees. Hernandez Decl. ¶ 7. Plaintiff expects the Court to accept on faith that Defendant has a climate and history of intimidating its employees based on hyperbolic statements alone. However, when viewed in light of Defendant's specific, first-hand declarations of Mr. Hernandez and Mr. Martinez, it is obvious that Plaintiff is unable to substantiate this claim. Thus, Plaintiff cannot demonstrate a likelihood of success on this critical element, and therefore is unlikely to prevail on the merits of his retaliation claim.

### C. Plaintiff Cannot Demonstrate a Likelihood of Irreparable Harm.

Plaintiff seeking injunctive relief must demonstrate that irreparable injury is likely to occur in the absence of an injunction. *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 22 (2008) Plaintiff must demonstrate "immediate threatened harm." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F2d 668, 674 (9th Cir. 1988). Establishing a risk of irreparable harm in the indefinite future is not enough. The harm must be shown to be imminent. *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). Unexplained delay in seeking preliminary injunctive relief may undercut that plaintiff is threatened with "irreparable injury." *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015).

Plaintiff argues that if Defendant engaged in retaliation prohibited by the FLSA, then irreparable harm could be presumed. ECF no. 8-1 at 17, lines 12-18. But as stated above, Plaintiff has failed to show that Defendant retaliated against any of its employees. Therefore, irreparable harm is not presumed, and Plaintiff must prove irreparable harm is likely to occur if the injunction is not granted. Moreover, Plaintiff has to show a reasonable likelihood of future violations regardless of whether irreparable harm is presumed or not.

Here, Plaintiff has failed to demonstrate immediate threatened harm. Plaintiff's allegations amount to nothing more than empty threats. To prove this point, Defendant has offered the declarations of Alejandro Hernandez and Hector Martinez who testify that since Plaintiff initiated its investigation last year and filed this lawsuit, Defendant has not terminated a single employee. Hernandez Decl. ¶ 7, Martinez Decl. ¶ 6. Nor has Defendant called immigration authorities. Hernandez Decl. ¶ 7, Martinez Decl. ¶ 6. Thus, Plaintiff merely alleges a *risk* of harm in the indefinite future, which under the law, is not enough to justify the granting of such an extraordinary remedy. Moreover, it is well settled that temporary deprivation of employment, even combined with likely financial distress and difficulty finding a new job, is not an "irreparable injury." *Shegog v. Bd. of Educ. of City of Chicago*, 194 F.3d 836, 839 (7th Cir. 1999)

Additionally, Plaintiff's delay in seeking a TRO further undercuts his claim that "irreparable injury" is imminent. Plaintiff reached out to our office on May 11, 2022, requesting that Defendant stipulate to a preliminary injunction and protective order by Monday, May 16, 2022. Parker Decl. ¶ 3. When Defendant refused to stipulate, Plaintiff waited until July 1, 2022, to file his Application. Parker Decl. ¶¶ 4-5. A month and a half delay highly suggest that harm is not imminent. Therefore, Plaintiff has failed to show that irreparable harm is likely to occur in the absence of injunctive relief.

### D. The Balance of the Equities Tilts Sharply in Defendant's Favor and Injunction is Not in the Public's Interest

The Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24; see also *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (holding threatened injury to the movant must outweigh whatever damage the proposed injunction may cause the opposing party). Plaintiff's failure to present credible evidence that Defendant or its agents engaged in any misconduct defeats any argument that the balance of the equities tilt in Plaintiff's favor. Instead, granting the extreme remedies Plaintiff is requesting on such flimsy evidence does nothing more than to harm people's ability to defend themselves in litigation brought by government agencies.

Notably, Plaintiff requests an order from the Court enjoining Defendant from speaking with its employees about any matters relating to the case. ECF no. 8-1 at 21, lines 22-23. Such a broad request

puts Defendant in an untenable position of preventing it from talking to its own employees about workplace matters and even matters central to its defense. Such a gag order would be unduly burdensome on Defendant, especially given that Plaintiff has yet to identify any of the purported employees who made the alleged statements.

Furthermore, the public interest would not be served by preventing Defendant from speaking with employees, while allowing Plaintiff to do so. Such an injunction would stifle Defendant's constitutionally protected speech, and its right to due process. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981). Clearly such an injunction would not be in the public's interest. *Mata v. City of Los Angeles*, CV076782GAFJWJX, 2008 WL 11338102, at *4 (C.D. Cal. July 3, 2008); *see also U.S. v. Guerrero*, 693 F.3d 990, 1008 (9th Cir. 2012) (noting the "substantial public interest" in providing grounds for a fair trial).

Plaintiff asks this Court to imagine a set of circumstances that would justify its extraordinary request to infringe on Defendant's constitutionally protected speech and due process rights. It is not surprising that Plaintiff resorts to an imagined set of facts set forth in one hearsay-riddled declaration. Defendant urges this Court to keep in mind the burden of persuasion Plaintiff must carry in order to justify such an extraordinary remedy. Plaintiff has failed to carry that burden, by presenting absolutely no admissible evidence whatsoever to support his request. Plaintiff's motion should be denied.

That said, if the Court were to grant Plaintiff's request (which it shouldn't), Defendant requests that the Court issue an order granting Defendant expedited discovery limited to the identities of the employees raised in Ms. Alfaro's declaration.

### IV. THE COURT HAS AUTHORITY TO ORDER EXPEDITED DISCOVERY BEFORE THE RULE 26(f) MEETING FOR GOOD CAUSE

"Courts have wide discretion with respect to discovery and . . . may expedite discovery." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996); *see also Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery."). The court may authorize discovery before the Rule 26(f) meeting for "good cause," if the need for discovery outweighs any possible prejudice to the party from whom discovery is sought. *See* Fed. R. Civ. P. 26(d)(1) ("A

party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order."); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274-76 (N.D. Cal. 2002) ("The Court will apply a good cause standard in determining whether expedited discovery is warranted[.]").

Accordingly, Defendant seeks an order from the Court permitting early and expedited discovery for the identity of the employees raised in Ms. Alfaro's declaration. Alfaro Decl. ¶¶ 7-13. Specifically, Defendant requests the identity of the employees who claimed that Defendant and its agents made threatening statements regarding their employment and immigration status. Alfaro Decl. ¶¶ 7-13.

### A. Good Cause Exists For Limited Expedited Discovery.

"Good cause" for expedited discovery may exist because of the urgent need for discovery in connection with an application for a temporary restraining order. *See Stanley v. University of So. Calif.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (citing W. Scwarzer, A.W. Tashima, J. Wagstaffe, Federal Civil Procedure Before Trial § 11:157 (1993)); *Ellsworth Associates, Inc.*, 917 F. Supp. at 844. That is, "[t]he good cause standard may be satisfied where a party seeks a preliminary injunction" or temporary restraining order. *See Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citing *Ellsworth Associates, Inc.*, 917 F. Supp. at 844 and *Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc.,* 858 F.Supp. 1268, 1269 (S.D.N.Y.1994)).

### B. The Informants Privilege Does Not Justify Withholding the Informants' Identities

Defendant anticipates that Plaintiff will argue that the identity of its witnesses are shielded by the informants privilege. However, the informant's privilege "[must] give way [w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause." *In re Perez*, 749 F.3d 849, 855-56 (9th Cir. 2014).

> The informant's privilege is not absolute, and courts faced with an assertion of the privilege must balance 'the public's interest in efficient enforcement of the FLSA, the informant's right to be protected against possible retaliation, and the employer's need to prepare for trial.' As trial draws near, the balance shifts toward disclosure and the

///

government must make a particularized factual showing regarding a danger of retaliation in order for continued validity of the privilege.

*Solis v. Best Miracle Corp.*, No. SACV 08-0998CJC, 2009 WL 3709498, at *1 (C.D. Cal. Nov. 3, 2009) (*citing Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 305 (5th Cir.1972); *Brennan v. Engineered Prods., Inc.*, 506 F.2d 299, 302–03 (8th Cir. 1974).) "The proper balancing of these competing interests lies within the discretion of the district court, after taking into consideration the particular circumstances of each case." *Acosta v. Nuzon Corp.*, 2019 WL 12872654, at *2 (C.D. Cal. Feb. 12, 2019).

Defendants have a due process right to confront and cross-examine witnesses. *See Goldberg v. Kelly*, 397 U.S. 254, 270-271 (1970) (emphasizing the importance of disclosing evidence used to prove the government's case, particularly when the government relies on witness testimony). Specifically, where the Secretary brings claims against an employer for retaliation and interference, the employer's need for the informant's identities outweighs the government's need for nondisclosure. *Acosta v. Nuzon Corp.*, 2019 WL 12872654, at *2 (C.D. Cal. Feb. 12, 2019). In *Acosta*, the Secretary brought an action against a residential care facility ("defendant") for violations of the Fair Labor Standards Act, asserting, among others, a retaliation claim. *Id.* at 1. The Secretary's retaliation claim was premised on the theory that the defendant retaliated against its employees by forcing them to sign declarations in connection with the FLSA claim and intimidating employees from bringing their claims under the FLSA. *Id.* The defendant moved for partial summary judgment on the Secretary's retaliation claim, on the ground that seeking declarations from its employees did not amount to retaliation. *Id.*

In support of the Secretary's opposition to the defendant's motion for summary judgment, the Secretary filed redacted declarations from informants disputing defendant's claim that its employees voluntarily signed the declarations. *Id.* at 1. The defendant sought disclosure of the informants, and the Secretary denied the request, arguing they were protected from disclosure by the informants privilege and that the defendant had a predisposition to target employees it believes are complaining about it. *Id.* at 2.

In holding that the informants privilege did not justify withholding the informants' identities, the court noted that the identities of the declarants were not only relevant but essential to the defendant in

12

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

FP 44459887.1

preparing its defense. *Id.* at 2. The court noted that "a fair determination of the Secretary's retaliation claim require[d] that [the] defendant know who might testify against [it] and whose testimony creates a dispute of material fact." *Id.*

Should the Court grant Plaintiff's request for a temporary restraining order, Defendant will need to know the identity of the employees raised in Ms. Alfaro's declaration before the preliminary injunction hearing. The identity of the employees is essential to Defendant preparing a defense as Plaintiff has brought a claim of retaliation under the FLSA. Unlike Plaintiff's wage claims, which depend almost entirely on Defendant's records, Plaintiff's retaliation claim relies entirely on statements made by Defendant's employees. Therefore, the identity of the employees is not only relevant to the determination of Plaintiff's retaliation claim but also essential. Where the government's case is premised entirely on witness testimony, the testimony of those individuals must be disclosed. *See Goldberg v. Kelly*, 397 U.S. 254, 270-271 (1970).

Defendant has a due process right to depose the employees and present their testimony at the preliminary injunction hearing. Moreover, the short turnaround before the preliminary injunction hearing weighs in favor of disclosure. Thus, good cause for this limited expedited discovery exists because of the urgent need for discovery in connection with Plaintiff's application for a temporary restraining order.

## V.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a temporary restraining order should be denied in its entirety. However, should the Court grant Plaintiff's motion in any capacity, Defendant requests an order from the Court permitting early and expedited discovery for the identity of the employees raised in Ms. Alfaro's declaration.

Dated: July 6, 2022                     Respectfully submitted,

                                        FISHER & PHILLIPS LLP


                                        By: */s/ Alden J. Parker*
                                            ALDEN J. PARKER
                                            MARCO A. RODRIGUEZ

                                            Attorneys for Defendants
                                            CHE GARIBALDI dba TAQUERIA GARIBALDI;
                                            EDUARDO HERNANDEZ; HECTOR MANUAL
                                            MARTINEZ GALINDO; and ALEJANDRO RODRIGUEZ

13

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

FP 44459887.1