MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
JENNIFER L. STA.ANA
Trial Attorney (Cal. Bar No. 307977)
KARLA MALAGÓN CASTILLO
Trial Attorney (Cal. Bar No. 320505)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7767
Fax: (415) 625-7772
Email: staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,[1] Acting Secretary of Labor, United States Department of Labor, | Case No. 2:22-CV-00756-WBS-KJN |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT AND ORDER** |
| CHE GARIBALDI dba TAQUERIA GARIBALDI, a California corporation; EDUARDO HERNANDEZ, an individual; HECTOR MANUAL MARTINEZ GALINDO, an individual; and ALEJANDRO RODRIGUEZ, an individual, | |
| Defendants. | |

---

[1] Acting Secretary Su is automatically substituted as Plaintiff based on the resignation of former Secretary Walsh. Fed. R. Civ. P. 25(d).

Plaintiff Julie A. Su, Acting United States Secretary of Labor ("Secretary"), and Defendants Che Garibaldi dba Taqueria Garibaldi, a California corporation; Eduardo Hernandez, an individual; Hector Manual Martinez Galindo, an individual; and Alejandro Rodriguez, an individual (collectively, the "Parties"), have agreed to fully resolve this matter in controversy in this civil action and stipulate to the entry of this Consent Judgment on the terms and conditions set forth below.

**I.      SETTLEMENT BY AND AGREEMENT BETWEEN THE PARTIES**

A.      The Secretary filed a Complaint alleging that Defendants violated Section 3(m)(2)(B), Section 7, Section 11(c), Section 15(a)(2), Section 15(a)(3), Section 15(a)(5), and Section 16(e)(2) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203(m)(2)(B), 207, 211(c), 215(a)(2), 215(a)(3), 215(a)(5), and 216(e)(2).

B.      The Parties stipulate that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the Eastern District of California.

C.      The Parties agree that the Preliminary Injunction in this matter shall be dismissed and dissolved except as to its provisions incorporated into this judgment.

D.      Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order.

E.      Defendants stipulate that at all relevant times they operated restaurants in Sacramento and Placer Counties in California, and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

F.      Defendants stipulate that at all relevant times they were employers of their employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and make no other admissions.

G.      Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment and Order, threatening any employee for accepting monies due under this Consent Judgment and

Order, or threatening any employee for exercising any of her, his, or their rights under or related to the FLSA is specifically prohibited. Violation of this Paragraph may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

**II.     PERMANENT INJUNCTION**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that under Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, and employees, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, are permanently enjoined and restrained from violating the FLSA, including as provided below:

1.     Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any U.S. Department of Labor investigation of FLSA violations. Defendants, their officers, agents, servants, and employees shall not in any way retaliate or take any adverse employment action or threaten or imply that adverse action will be taken against any employee as a result of that employee exercising or asserting their rights under the FLSA;

2.     Defendants shall not, contrary to Section 15(a)(3) and Section 11(a) of the FLSA, 29 U.S.C. §§ 215(a)(3) and 211(a), commit any of the following:

a.     terminate, threaten to terminate, retaliate, or discriminate against any employee in any other way because such employee spoke or was perceived to have spoken with a representative of the U.S. Department of Labor, or otherwise cooperated or perceived to have cooperated with a U.S. Department of Labor investigation or litigation;

b.     threaten to contact or contact immigration authorities; indicate another will or has contacted immigration authorities; or ask about any employee's immigration status because such employee spoke or was perceived to have spoken with a representative of the U.S. Department of Labor, or otherwise cooperated or perceived to have cooperated with a U.S. Department of Labor investigation or litigation;

c.     prevent any of Defendants' employees from speaking to representatives of the U.S. Department of Labor. Defendants shall not instruct employees not to speak to or

1  to provide false information to the U.S. Department of Labor regarding the terms and
2  conditions of their employment;

3    3.    Defendants shall not, contrary to Section 7 and Section 15(a)(2) of the FLSA, 29
4  U.S.C. §§ 207 and 215(a)(2), pay any of their employees who in any workweek are engaged in
5  commerce or the production of goods for commerce, or who are employed in an enterprise
6  engaged in commerce or in the production of goods for commerce, within the meaning of the
7  FLSA, less than time and one half the employees' regular rate for hours worked in excess of 40
8  hours in a workweek;

9    4.    Defendants shall not, contrary to Section 3(m)(2)(B) and Section 16(e)(2) of the
10 FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(e)(2), keep tips received by its employees, including
11 for the purpose of allowing managers or supervisors to keep a portion of employees' tips;[2]

12   5.    Defendant shall not, contrary to Section 11(c) and Section 15(a)(5) of the FLSA, 29
13 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve accurate records of the wages,
14 and hours worked of each and every employee who performs any work for Defendants.
15 Defendants shall maintain a time system that accurately records all hours worked by employees,
16 including when employees clocked in and out, as well as a computation of all regular hours and
17 overtime hours worked in a day. To ensure compliance with this provision, Defendants shall:

18     a.    Use a time clock system at each restaurant and ensure that each employee
19     uses the system to accurately record the time the employee (i) begins work each day by
20     clocking in as soon as the employee begins any period of work; (ii) clock out for any
21     unpaid breaks of 20 minutes or more; (iii) clocking out when the work period ends;

22     b.    Not alter or manipulate time or payroll records to reduce the number of
23     hours actually worked by an employee unless an employee agrees in writing to correct a
24     genuine error or pursuant to a bona fide dispute regarding an employee's time records.
25     Should the latter occur, there must be a written record of the disputed hours. Such records
26     will be kept for a period of three years from the day of the request or dispute;

27
28 _____
[2] Nothing in this provision shall prohibit Defendants from operating a FLSA-compliant tip pool.

1          c.        Not encourage or pressure workers to under-report hours worked;

2          d.        For each pay period, prepare a statement of hours and wages for each

3    employee.

4          6.        For a period of three years from entry of this Order by the Court, upon fourteen

5    (14) days written notice, Defendants shall produce payroll and employee time records, in addition

6    to employee contact information, to the U.S. Department of Labor upon its request. The U.S.

7    Department of Labor maintains its independent authority to conduct investigations;

8          7.        Within thirty (30) days from entry of this Order by the Court, Defendants shall

9    schedule a time with the Wage and Hour Division, U.S. Department of Labor, to read the notice

10   below to employees and collect contact information for employees on **Exhibit A**. The time shall

11   be scheduled before the restaurant is open for business and Defendants shall provide notice to the

12   employees in English and Spanish that they can attend the meeting and will be paid for their time

13   during the meeting. At the meeting, the Wage and Hour Division will verbally read the terms of

14   this Order, both in Spanish and English, employees' rights under the FLSA, and whom to contact

15   if there are claims of retaliation or unpaid wages as set forth below:

16

17          a.   Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, y
               Alejandro Rodriguez han resuelto su caso con el Departamento de Trabajo de los
18             Estados Unidos. La Corte de Distrito de los Estados Unidos ha ordenado a Taqueria
               Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, y Alejandro
19             Rodriguez pagar a empleados actuales y antiguos un total de $140,000 para
               resolver alegaciones de salarios no pagados, violaciones de propinas, violaciones
20             de mantenimiento de registros e interferencia con la investigación del
               Departamento de Trabajo de los Estados Unidos. La cantidad adeudada a los
21             empleados se pagará con el tiempo, los pagos se proveerán a través del
               Departamento de Trabajo de los Estados Unidos.
22

23             El dinero proveído a usted del resultado de este caso es su dinero y solamente de
               usted. Ni un empleador o gerente de Taqueria Garibaldi tiene permitido preguntarle
24             por esos pagos. Los dueños o gerentes de Taqueria Garibaldi no pueden tomar
               represalias, amenazar en tomar represalias o intentar de influenciar a empleados por
25             su intervención o percibida intervención en este caso. Ni un empleador o gerente de
               Taqueria Garibaldi puede amenazarle con contactar o contactar a autoridades de
26             inmigración; informarle que alguien más contactara o contacto a autoridades de
               inmigración; o preguntarte acerca del estado migratorio de otros empleados por la
27             razón de que el empleado habló o percibió hablar con un representante del

28

Departamento de Trabajo de los Estados Unidos. Si un empleador o gerente de Taqueria Garibaldi le ha preguntado por los pagos recibidos acerca de este asunto o ha habido represalias en su contra de cualquier tipo de modo, contacte a la (a) investigadora de la División de Salarios y Horas Raquel Alfaro (916) 485-6254 o (b) a la Asistente del Director de Distrito Patricia Canites (916) 485-6256.

Se le debe de pagar por lo menos el salario mínimo por todas las horas trabajadas. El salario mínimo federal es $7.25 la hora. El salario mínimo en los condados de Sacramento y Placer en California es $15.50 la hora a partir de enero 1, 2023.

Se le debe pagar a una cantidad de tiempo y medio de su tarifa regular por las horas trabajadas después de cuarenta.

Si se le pide trabajar mientras está en tiempo de comida o descanso, todavía estaría trabajando y se le debe de pagar por este tiempo como tiempo de trabajo.

Su empleador no lo puede presionar a reportar menos, alterar, manipular, o reducir las horas que trabajó. El talón de pago que reciba tiene que contener el salario en bruto y neto; total de horas trabajadas; deducciones y sus razones; fecha del período de pago; y el número de horas trabajadas a pago regular y sobretiempo.

Por último, su empleador o gerente no pueden tomar ninguna porción de las propinas ganadas por los empleados.

Un resumen de estos derechos se le proveerán por su empleado o gerente con su cheque de pago.

b.  Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, and Alejandro Rodriguez have resolved their case with the U.S. Department of Labor. The U.S. District Court has ordered Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, and Alejandro Rodriguez to pay former and current employees a total of $140,000 to resolve allegations of unpaid wages, tip violations, recordkeeping violations, and interference with the U.S. Department of Labor's investigation. The amount owed to employees will be paid over time with payment provided to you through the U.S. Department of Labor.

The money provided to you as a result of this case is your money and your money alone. An employer or manager from Taqueria Garibaldi is not allowed to ask you for those payments. Owners and managers from Taqueria Garibaldi cannot retaliate against, threaten to retaliate against, or intimidate employees because you received payment as a result of this case. Owners and managers from Taqueria Garibaldi cannot retaliate against, threaten to retaliate against, intimidate, or attempt to influence employees due to your involvement or perceived involvement in this case. An employer and manager from Taqueria Garibaldi cannot threaten to contact or contact immigration authorities; inform you that another will or has contacted immigration authorities; or ask about any employee's immigration status because

such employee spoke or was perceived to have spoken with a representative of the U.S. Department of Labor. If an employer or manager from Taqueria Garibaldi have asked you for the payments you received in this matter or retaliated against you in any other way, contact (a) Wage and Hour Division investigator Raquel Alfaro (916) 485-6254 or (b) Wage and Hour Division Assistant District Director Patricia Canites (916) 485-6256.

You must be paid at least minimum wage for all hours worked. The federal minimum wage is $7.25 per hour. The minimum wage in Sacramento and Placer Counties in California is $15.50 per hour as of January 1, 2023.

You must be paid at a rate of one and one-half times your regular rate for hours worked over forty. If you are asked to work while you are on a meal or rest break, you are still working and must be paid for that time as time worked.

Your employer cannot pressure you to under-report, alter, manipulate, or reduce the hours you worked. A paystub that you receive must have your gross and net wages; total hours worked; deductions and reasons for them; dates of the pay period; and number of hours worked at each regular and/or overtime rate.

Last, your employer or manager cannot take any portion of the tips earned by employees.

A summary of these rights will be provided to you by your employer or manager with your paycheck.

8.      Defendants shall provide on the first day paychecks are distributed to employees after entry of this Order a written copy of the language set forth under Paragraph 7(a) and Paragraph 7(b) of this Order as summarized in **Exhibit C**¸ which is entitled, "Court-Ordered Notice of Rights";

9.      Within ten (10) days of the entry of this judgment, Defendants shall post a copy of the language set forth under Paragraph 7(a) and 7(b) in a prominent location at all of Defendants' restaurants for a period of one year, and Defendants shall do the same at any future restaurant within ten (10) calendar days of it beginning operations;

10.      Should Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo sell any real property or business or any portion of the business when any portion of the Monetary Judgment remains unpaid under this Order, any profit from such sale shall be directed towards the unpaid balance that remains under this Order; and

11.     Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo, jointly and severally, shall not continue to withhold the payment of **$70,000** in overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of May 2018 through June 2021 ("Back Wage Accrual Period").

## A.     MONETARY JUDGMENT

**FURTHER, JUDGMENT IS HEREBY ENTERED**, in favor of the Secretary as a judgment owed to the United States of America and against Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo, jointly and severally, in the total amount of **$145,000**, which includes **$70,000** in overtime wages to Defendants' present and former employees who are identified in **Exhibit A**, plus an additional equal amount of **$70,000** as Liquidated Damages to the employees identified in **Exhibit A**, plus **$5,000,** designated as civil money penalties under 29 U.S.C. §216(e).

12.     IT IS FURTHER ORDERED AND ADJUGED that Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo, jointly and severally, shall pay a total of **$50,000** in Liquidated Damages by **May 1, 2023** using "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888. All payments shall reference Case Number "1940265."

13.     IT IS FURTHER ORDERED AND ADJUGED that by **May 1, 2023**, Defendants provide a list of the known employee's mailing address, email, and phone number to Assistant Director Patricia Canites (canites.patricia@dol.gov) of the Wage and Hour Division, U.S. Department of Labor.

14.     IT IS FURTHER ORDERED AND ADJUGED that Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo, jointly and severally, shall pay the remaining amounts under this Order in installment payments as specified in **Exhibit B** by every first day of each month until the remaining balance of the back wages and liquidated damages owed under this Order is paid in full as scheduled in **Exhibit B**.

15.     IT IS FURTHER ORDERED AND ADJUGED that, along with the back wages owed in principal each month, Defendants shall pay a post-judgment interest rate of 4.53% per annum until the remaining balance of back wages owed under this Order is paid in full as scheduled in **Exhibit B**.IT IS FURTHER ORDERED AND ADJUGED that Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo shall pay the installment portions of the back wages and Liquidated Damages plus interest as scheduled in **Exhibit B** by using "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888. All payments shall reference Case Number "1940265."

16.     IT IS FURTHER ORDERED AND ADJUGED that the Wage and Hour Division, U.S. Department of Labor, shall distribute the Liquidated Damages and back wage payments described in paragraphs 12, 13, 14, and 15 to employees listed in **Exhibit A,** or if necessary, to the employees' estates. Any monies not distributed to employees within three years from the date of receipt of the checks from Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, Hector Manual Martinez Galindo, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

17.     IT IS FURTHER ORDERED AND ADJUGED that, while back wages remain outstanding under this Order, Defendants shall provide the Wage and Hour Division, U.S. Department of Labor, an updated mailing address and/or contact information for employees listed in **Exhibit A** should Defendants are made aware of any change to such information.

CIVIL MONEY PENALTIES

18.     IT IS FURTHER ORDERED AND ADJUGED that Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo shall, jointly and severally, pay to the U.S. Department of Labor **$5,000**, which is designated as a civil money assessment under 29 U.S.C. § 216(e), sixty (60) days after the last back wage payments scheduled on the last date listed in **Exhibit B** by using the "WHD Civil Money Penalty Payment Form –

Western Region" at https://www.pay.gov/public/form/start/77743734. All payments shall reference Case Number "1940265."

///

///

UNTIMELY PAYMENTS

19.   IT IS FURTHER ORDERED AND ADJUGED that if Defendants Che Garibaldi dba Taqueria Garibaldi, Eduardo Hernandez, and Hector Manual Martinez Galindo do not cure any default, following written notice and a 30-day period to cure, a post-judgment interest at the rate of 10% per annum shall be allotted until the Liquidated Damages or back wages owed under this Order are paid in full.

**B.**     **ADDITIONAL PROVISIONS**

20.   The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act, as or be asserted as, a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named in the attached **Exhibit A**, nor any employee named in the attached **Exhibit A** for the periods stated therein.

21.   Each Party shall bear their own fees and other expenses, including court costs, incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

22.   IT IS FURTHER ORDERED that the Preliminary Injunction entered by this Court in this matter on August 4, 2022 (ECF No. 23) shall be dissolved and vacated upon entry of this Order, except for the provisions incorporated herein.

23.   IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

///

///

///

///

///

CONSENT JUDGMENT AND ORDER
Case No. 2:22-CV-00756-WBS-KJN

1  ///

2  ///

3  ///

4  ///

5  Dated:

6

7  FISHER & PHILIPPS LLP                          SEEMA NANDA
                                                   Solicitor of Labor
8                                                  MARC A. PILOTIN
                                                   Regional Solicitor
9  _____                 BORIS ORLOV
                                                   Counsel for Wage and Hour
10 ALDEN J. PARKER
   CHRISTINA M. ANTON

11
   *Attorneys for Defendants Che Garibaldi dba*
12 *Taqueria Garibaldi, Eduardo Hernandez,*       _____
   *Hector Martinez Galindo, Alejandro*            JENNIFER L. STA.ANA
13 *Rodriguez*                                     KARLA MALAGÓN CASTILLO
                                                   Trial Attorneys
14

15                                                 *Attorneys for Plaintiff Julie A. Su*
                                                   *Acting United States Secretary of Labor*
16 _____
   CHE   GARIBALDI   dba   TAQUERIA
17 GARIBALDI

18

19 _____

20 EDUARDO HERNANDEZ

21

22

23 _____
   HECTOR MARTINEZ GALINDO
24

25

26 _____

27 ALEJANDRO RODRIGUEZ HENANDEZ

28

1   IT IS SO ORDERED.

2   Dated:  May 7, 2023

3   _____
    WILLIAM B. SHUBB
4   UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28